**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRITTNEY LEVY, MAURICE ROMALHO, and EMAD HAMID, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>ENDEAVOR AIR, INC.<br><br>Defendant. | No: 21-cv-4387<br><br>CLASS ACTION COMPLAINT |

Brittney Levy, Maurice Romalho, and Emad Hamid ("Plaintiffs"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to themselves, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation and other damages for Plaintiffs and similar hourly flight attendants, mechanics, inspectors, maintenance workers, and other similar manual labor positions (collectively, "Manual Workers") who work or have worked as manual workers for Endeavor Air, Inc. (collectively, "Endeavor" or "Defendant") in New York State.

2. Headquartered in Minneapolis, Minnesota, Endeavor is a regional airline that operates as Delta Connection for Delta Air Lines.

1

3. Endeavor has hub operations in New York and employs over 1,000 people in New York State, a majority of whom are Manual Workers.

4. At all relevant times, Defendant has compensated Plaintiffs and all other Manual Workers on a bi-weekly or semi-monthly basis.

5. Despite being manual workers, Defendant has failed to properly pay Plaintiffs and other Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned.

6. In this regard, Defendant has failed to provide timely wages to Plaintiffs and all other similar Manual Workers.

7. Plaintiffs bring this action on behalf of themselves and all other similar Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 191. ("NYLL").

8. The statute of limitation on Plaintiffs and all other Manual Workers' claims under the NYLL have been tolled from June 12, 2014 to March 5, 2021, and from March 9, 2021 through August 4, 2021.

## THE PARTIES

**Plaintiff**

**Brittney Levy**

9. Brittney Levy ("Levy") is an adult individual who is a resident of the State of Georgia.

10. Levy was employed by Endeavor as a flight attendant from on or about September 2016 to on or about May 4, 2018.

11. Levy is a covered employee within the meaning of the NYLL.

**Maurice Romalho**

12. Maurice Romalho ("Romalho") is an adult individual who is a resident of the State of New York.

13. Romalho has been employed by Endeavor as a maintenance worker, mechanic, and inspector from on or about May 2014 to the present.

14. Romalho is a covered employee within the meaning of the NYLL

**Emad Hamid**

15. Emad Hamid ("Hamid") is an adult individual who is resident of the State of New York,

16. Hamid has been employed by Endeavor as a mechanic since approximately June 2018 through the present.

17. Hamid is a covered employee within the meaning of the NYLL.

**Defendant**

**Endeavor Air, Inc.**

18. Endeavor Air, Inc. is a foreign business corporation organized and existing under the laws of Minnesota.

19. Endeavor Air, Inc.'s principal executive office is located at 7500 Airline Drive, Minneapolis, Minnesota 55450.

20. Endeavor Air, Inc. was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiffs and similar employees.

21. Endeavor Air, Inc. has maintained control, oversight, and direction over Plaintiffs and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

22. Endeavor Air, Inc. applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

23. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

24. The members of the proposed class are citizens of states different from that of Defendant.

25. There are over 100 members in the proposed class.

26. Defendant is subject to personal jurisdiction in New York.

27. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conduct business in this District.

## CLASS ACTION ALLEGATIONS

28. Plaintiffs bring the First Cause of Action, a NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Manual Workers for Endeavor Air, Inc. in New York between June 12, 2014 and the date of final judgment in this matter (the "Class").

29. The members of the Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

30. There are more than fifty members of the Class.

31. Plaintiffs' claims are typical of those claims that could be alleged by any member

of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

32. Plaintiffs and the Class have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Class.

33. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

34. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many Plaintiffs and classes in wage and hour cases.

35. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

36. Common questions of law and fact exist as to the Class that predominate over any questions only affecting Plaintiffs and/or each member of the Class individually and include, but are not limited to, whether Defendant compensated Plaintiffs and the Class on a timely basis.

## PLAINTIFFS' FACTUAL ALLEGATIONS

37. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiffs, individually, as follows:

**Brittney Levy**

38. Levy was employed by Endeavor as a flight attendant from on or about September 2016 to on or about May 4, 2018.

39. During her employment, Levy worked for Defendant at LaGuardia Airport in Queens, New York.

40. During her employment, over twenty-five percent of Levy's duties were physical tasks, including but not limited to: serving passengers with the beverage cart; collecting garbage; physically carrying items of various sizes for customers; preparing for takeoff and landing; and standing for long periods of time, among other manual tasks.

41. Despite regularly spending more than twenty-five percent of her shift performing these physical tasks, Levy has been compensated by Defendant on a semi-monthly basis.

42. For example, for the period beginning on March 1, 2018 and ending March 15, 2018, Levy was paid her lawfully earned wages on March 16, 2018. *See* **Exhibit A**, Levy Paystub.

43. In this regard, Defendant failed to pay Levy her wages earned from March 1, 2018 to March 7, 2018 by March 14, 2018 as required by NYLL § 191(1)(a).

**Maurice Romalho**

44. Romalho has been employed by Endeavor as a maintenance worker, mechanic, and inspector since May 2014.

45. During his employment, Romalho has worked for Defendant at LaGuardia Airport in Queens, New York.

6

46. During his employment, over twenty-five percent of Romalho's duties have been physical tasks, including but not limited to: making manual repairs; physically carrying items of various sizes; and standing for long periods of time, among other manual tasks.

47. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Romalho has been compensated by Defendant on a bi-weekly basis.

48. For example, for the period beginning on November 27, 2016 and ending December 10, 2016, Romalho was paid his lawfully earned wages on December 20, 2016. *See* **Exhibit B**, Romalho Paystub.

49. In this regard, Defendant failed to pay Romalho his wages earned from November 27, 2016 to December 3, 2016 by December 10, 2016, as required by NYLL § 191(1)(a).

50. Moreover, Defendant also failed to pay Romalho his wages earned from December 4, 2016 to December 10, 2016 by December 17, 2016, as required by NYLL 191(1)(a).

**Emad Hamid**

51. Hamid has been employed by Endeavor as a mechanic since June 2018.

52. During his employment, Hamid has worked for Defendant at LaGuardia Airport in Queens, New York.

53. During his employment, over twenty-five percent of Hamid's duties have been physical tasks, including but not limited to: making manual repairs; physically carrying items of various sizes; and standing for long periods of time, among other manual tasks.

54. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Hamid has been compensated by Defendant on a bi-weekly basis.

## FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiffs and the Class)

55. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

56. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiffs and the Class.

57. Defendant failed to pay Plaintiffs and the Class on a timely basis as required by NYLL § 191(1)(a). Thus, Defendant underpaid Plaintiffs and the Class.

58. Due to Defendant's violations of the NYLL, Plaintiffs and the Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiffs as representatives of the Rule 23 Class and counsel of record as Class Counsel;

C. Liquidated damages in the amount of the untimely wage payments pursuant to the NYLL;

D. Prejudgment and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action; and

  F. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
   August 4, 2021

Respectfully submitted,

/s/ Brian S. Schaffer

Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiffs and
the Putative Class*