**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **BRITTNEY LEVY, MAURICE ROMALHO, and EMAD HAMID,** individually and on behalf of all others similarly situated,<br><br>     **Plaintiffs,**<br><br>  -against-<br><br>**ENDEAVOR AIR, INC.,**<br><br>     **Defendant.** | No. 12 Civ. 4387 (ENV)(JRC) |

**MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

         **FITAPELLI & SCHAFFER, LLP**
         Brian S. Schaffer
         Dana M. Cimera
         28 Liberty Street, 30th Floor
         New York, New York 10005
         Telephone: (212) 300-0375

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................1

LEGAL STANDARD .........................................................................................2

ARGUMENT ...................................................................................................3

    I.        DEFENDANT'S NYLL VIOLATIONS INJURED PLAINTIFFS ..................3

        A.   Delay in Payment Causes Injury .................................................3

        B.   A Violation of NYLL § 191(1)(a) Constitutes Underpayment .............7

    II.       A PRIVATE RIGHT OF ACTION EXISTS FOR VIOLATIONS OF NYLL § 191   9

    III.      DEFENDANT'S PURPORTED CBA HAS NO EFFECT ON THIS LITIGATION ..................................................................................14

        A.   The Court Should Not Take Judicial Notice of the CBA ...................14

        B.   Plaintiff Levy's NYLL Claim Is Not Preempted ...............................15

    IV.      PLAINTIFF LEVY'S CLAIM DOES NOT VIOLATE THE COMMERCE CLAUSE OR ATTEMPT TO APPLY THE NYLL EXTRATERRITORIALLY ..........19

CONCLUSION ...............................................................................................22

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

*Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985) ...................................................................18

*Barbanti v. MTA Metro N. Commuter R.R.*, 387 F. Supp. 2d 333 (S.D.N.Y. 2005) ...................15

*Beh v. Cmty. Care Companions Inc.*, No. 19 Civ. 1417 (JLS)(HBS), 2021 WL 3914297
(W.D.N.Y. Feb. 1, 2021) ....................................................................................................... 10, 18

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................2

*Bernstein v. Virgin Am., Inc.*, 3 F.4th 1127 (9th Cir. 2021) ................................................20, 22

*Bostain v. Food Express, Inc.*, 153 P.3d 846 (2007) ...................................................................21

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). ...........................................................9

*Campos v. Aegis Realty Management Corp.*, No. 19 Civ. 2856 (KPF), 2020 WL 433356
(S.D.N.Y. Jan. 28, 2020)............................................................................................................2

*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)......................................................................18

*Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK)(SJB), 2021 WL 4407856
(E.D.N.Y. Sept. 27, 2021)..................................................................................................passim

*Caul v. Petco Animal Supplies, Inc.*, 2021 WL 6805889 (E.D.N.Y. Dec. 22, 2021) ...........3, 6, 13

*Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991). ....................................2

*Craig v. Boren*, 429 U.S. 190, 194–95, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976).............................4

*DiBella v. Hopkins*, 403 F.3d 102 (2d Cir. 2005) ....................................................................1, 9

*Dow v. Casale*, 989 N.E.2d 909 (2013) .....................................................................................21

*Duverny v. Hercules Medical P.C.*, No. 18 Civ. 07652 (DLC), 2020 WL 1033048 (S.D.N.Y.
Mar. 3, 2020)..............................................................................................................................10

*Duverny v. Hercules Medical P.C.*, No. 18 Civ. 7652 (DLC), 2020 WL 1033048 (S.D.N.Y. Mar.
3, 2020) .......................................................................................................................................8

*Elhassa v. Hallmark Aviation Services, L.P.*, No. 21 Civ. 9768 (LJL), 2022 WL 563264
(S.D.N.Y. Feb. 24, 2022).........................................................................................................11

*Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir.2006) ..............2

*Goel v. Bunge, LTD.*, 820 F. 3d 554, 558 (2d Cir 2016)..............................................................2

*Gonzales v. Gan Israel Pre-Sch.*, No. 12 Civ. 06304 (MKB), 2014 WL 1011070 (E.D.N.Y. Mar.
14, 2014) ...................................................................................................................................13

*Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453 (7th Cir. 2010)....................................4, 6

*Heng Guo Jin v. Han Sung Sikpoom Trading Corp.*, No. 13 Civ. 6789, 2015 WL 5567073
(E.D.N.Y. Sept. 21, 2015)........................................................................................................21

*Hernandez v. NJK Contractors, Inc.*, No. 09 Civ. 4812 (RER). 2015 WL 1966355 (E.D.N.Y.,
May 1, 2015) .............................................................................................................................21

*Hinterberger v. Cath. Health*, No. 08 Civ. 380S (WMS), 2008 WL 5114258 (W.D.N.Y. Nov. 25,
2008).........................................................................................................................................16

*Hirst v. Skywest, Inc.*, 910 F.3d 961 (7th Cir. 2018).................................................................19

*Hussain v. Pakistan Int'l Airlines*, No. 11 Civ. 932 (ERK)(VVP), 2012 WL 5289541 (E.D.N.Y. Oct. 23, 2012).................................................................................................................11

*Isaacs v. Central Parking Systems of New York, Inc.*, No. 10 Civ. 5736 (ENV)(LB), 2012 WL 957494 (E.D.N.Y. Feb. 27, 2012) ..............................................................................18

*Jordan v. MV Transportation, Inc.*, No. 14 Civ. 3759 (NGG) (JO), 2016 WL 748115 (E.D.N.Y. Feb. 3, 2016) .................................................................................................14, 17

*Kawa Orthodontics, LLP v. Secretary, United States Department of the Treasury*, 773 F.3d 243 (11th Cir. 2014)...................................................................................................6

*Kaye v. Orange Regional Medical Center,* 975 F. Supp. 2d 412 (S.D.N.Y. 2013).......... 14, 15, 16

*Konkur v. Utica Academy of Sci. Charter School*, 2022 WL 397774 (N.Y. Feb. 10, 2022) ........10

*Kruty v. Max Finkelstein, Inc.*, 2021 N.Y. Slip Op. 50837(U) (N.Y. N.Y. Sup. Ct. App. Term Aug. 26, 2021)........................................................................................................10

*Kyecsek v. J.P. Hogan Corning & Sawing, Corp.*, No. 18 Civ. 1023 (PAC); 2019 WL 1059998 (S.D.N.Y. Mar. 6, 2019) ..............................................................................16, 17

*Levy v. Rowland*, 359 F. Supp. 2d 267 (E.D.N.Y. 2005) ............................................................20

*Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399 (1987) ...........................................17

*Livada v. Bradshaw*, 512 U.S. 107 (1994) ...................................................................................16

*Mack v. Metro-North Commuter R.R.*, 876 F.Supp. 490 (S.D.N.Y.1994) ...................................16

*Maddox v. Bank of New York Mellon Co., N.A.* 19 F.4th 58 (2d Circ. 2021) ............................3, 4

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000)......2*Mclean v. Garage Management Corp.*, No. 10 Civ. 3950 (DLC), 2011 WL 1143003 (S.D.N.Y. Mar. 29, 2011).....................17

*MSPA Claims 1, LLC v. Tenet Florida*, 918 F.3d 1312 (11th Cir. 2019) .................................5, 6

*Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192 (2d Cir.2013)...............14, 15

*Arciello v. County of Nassau*, No. 16 Civ. 3974, 2019 WL 4575145 (E.D.N.Y. Sept. 20, 2019) 11

*Padula v. Lilarn Properties Corp.*, 84 N.Y.2d 519 (1994) .........................................................21

*People v. Bloom*, 7 Misc.2d 1077, 1078, 167 N.Y.S.2d 179 (N.Y.City Ct.1957).......................13

*People v. County Bank of Rehoboth Beach, Delaware*, 45 A.D. 1136 (3rd Dept. 2007) ..............5

*People v. Vetri*, 309 N.Y. 401 (1955) ............................................................................................5

*Phillips v. Max Finkelstein, Inc*., Index No. 2020/542SC, 2021 WL 4075089 (N.Y. Sup. Ct. App. Term Aug. 26, 2021) ..............................................................................................9, 10

*Polanco v. Brookdale Hospital*, 819 F. Supp. 2d 129 (E.D.N.Y. 2011) ................................16, 17

*Quintanilla v. Kabco Pharmaceuticals*, No. 19 Civ. 6752 (E.D.N.Y. Jun 30, 2020)....................4

*Quintanilla v. Kabco Pharmaceuticals*, No. 19 Civ. 6752 (PKC)(CLP), Doc. No. 18 (E.D.N.Y., Apr. 17, 2020) ...............................................................................................................12

*Ramirez v. Riverbay Corp.*, 35 F. Supp. 3d 513 (S.D.N.Y. 2014)..............................................18

*Rana v. Islam*, 887 F.3d 118 (2d Cir. 2018)..................................................................................8

*Rodrigue v. Lowes Home Centers, Inc.*, No. 20 Civ. 1127 (RPK) (RLM), 2021 WL 3848268 (Aug. 27, 2021) .............................................................................................8, 10, 12

*Rogers v. City of Troy,* 148 F. 3d 52 (2d Cir. 1998) .....................................................................4

*Rosario v. Icon Burger Acquisitions LLC*, No. 21 Civ 4313 (JS)(ST), 2022 WL 198503
(E.D.N.Y. Jan. 21, 2022) ............................................................................................6, 9
*Salouk v. Eur. Copper Specialties, Inc.*, No. 14 Civ. 8954 (DF), 2019 WL 2181910 (S.D.N.Y.
May 2, 2019) ......................................................................................................................21
*Santoni Roig v. Iberia Lineas Aereas de Espana*, 688 F. Supp. 810 (D.P.R. 1988)...................16
*Sorto v. Diversified Maint. Sys.*, No. 20 Civ. 1302 (JS)(SIL), 2020 WL 8413553 (E.D.N.Y. Nov.
15, 2020) .............................................................................................................. 7, 10, 12
*Spokeo, Inc. v. Robins*, 136 S. Ct., 1450, 1549 (2016)............................................................4, 5
*TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190 (2021) ...............................................................3
*V.S. v. Muhammad*, 595 F.3d 426 (2d Cir. 2010) .......................................................................9
*Van v. LLR, Inc.*, 962 F.3d 1160 (9th Cir. 2020) ........................................................................6
*Vera v. Saks & Co.*, 335 F.3d 109 (2d Cir. 2003)............................................................. 15, 19
*Ward v. United Airlines, Inc.*, 986 F.3d 1234 (9th Cir. 2021)............................................20, 22
*West v. Am. Tel. & Tel. Co.*, 311 U.S. 223 (1940)..................................................................1, 9
*Wilson v. SkyWest Airlines, Inc.*, No. 19 Civ. -01491 (VC), 2021 WL 2913656 (N.D. Cal. July
12, 2021)..............................................................................................................................20

## STATUTES

190 NY Penal Law § 1940.40...........................................................................................................5
2 NY Bank Law § 14-a .....................................................................................................................5
FRCP 12(b)(1) ..................................................................................................................................1
FRCP Rule 12(b)(6) ..........................................................................................................................1
NYLL § 190(4) ...............................................................................................................................18
NYLL § 191.......................................................................................................................................1
NYLL § 198.......................................................................................................................................8

## OTHER AUTHORITIES

Mary Caplan, Do We Know What We Think About Payday Loan Borrowers, Western Michigan
University, 44 The Journal of Sociology & Social Welfare 2 (2017) ........................................6
Nishant Choksi, Helping Low-Income Workers Stay Out of Debt, Harvard Business Review
(2020)...................................................................................................................................5

## **PRELIMINARY STATEMENT**

Plaintiffs worked as Manual Workers for Defendant, Endeavor Air in New York. Specifically, Plaintiff Levy worked as a flight attendant, Plaintiff Romalho worked as a maintenance worker, mechanic, and inspector, and Plaintiff Hamid worked as a mechanic.

Defendant's move to dismiss Plaintiffs' class action complaint based on lack of subject matter jurisdiction pursuant to FRCP 12(b)(1) and for failure to state a claim pursuant to FRCP Rule 12(b)(6). However, Defendant's motion rests on erroneous arguments. First, Defendant states that a delay in payment causes no injury, despite well settled legal principles to the contrary. Second, Defendant argues that NYLL § 191 does not afford Plaintiffs a private right of action. In making these arguments, Defendant is in essence attempting to bypass the precedent set in *Vega v. CM & Assoc. Const. Mgt., LLC*, which has been followed by every district court that has weighed this question since its decision. Defendant's motion ignores clear precedent from the Second Circuit and the Supreme Court that "rulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *See DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005)) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)).

Plaintiffs' remaining arguments apply solely to Plaintiff Levy and the proposed class of flight attendants. In regard to flight attendants only, Defendant incorrectly argues that Plaintiff Levy's NYLL § 191 claims arise out of a CBA, and thus are preempted. Defendant further argues that no flight attendants should be subject to state wage laws due to the Dormant Commerce Clause.

As discussed herein, Defendant's arguments fail and Plaintiffs respectfully request that the Court deny Defendant's motion in its entirety.

## **LEGAL STANDARD**

Under Rule 12(b)(1), a case may be properly dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). The standard for reviewing a 12(b)(1) motion to dismiss is basically identical to the 12(b)(6) standard, except that "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*. at 113.

When evaluating a defendant's motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Sierra Club v. Con-Strux LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (citing, 843 F.3d 561, 566 (2d Cir. 2016)). To survive a 12(b)(6) motion, a plaintiff's complaint "must contain *Trustees of Upstate New York Engineers Pension Fund v. Ivy Asset Management* sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Campos v. Aegis Realty Management Corp.*, No. 19 Civ. 2856 (KPF), 2020 WL 433356, at *3 (S.D.N.Y. Jan. 28, 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A motion to dismiss under Rule 12(b)(6) "challenges only the 'legal feasibility' of a complaint" and must rely on a "narrow universe of materials". *See Goel v. Bunge, LTD.*, 820 F. 3d 554, 558 (2d Cir 2016) (citing *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir.2006)). In this regard, a problem "arises when a party seeks to introduce affidavits, depositions or other extraneous documents not set forth in the complaint for the court to consider on a Rule 12(b)(6) motion." *See Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

## ARGUMENT

**I. DEFENDANT'S NYLL VIOLATIONS INJURED PLAINTIFFS**

Plaintiffs have standing as they were injured by Defendant. Article III standing arises where a plaintiff has suffered a concrete injury. *See Maddox v. Bank of New York Mellon Co., N.A.*, 19 F.4th 58, 62-63 (2d Circ. 2021). Monetary harms "readily qualify as concrete[.]" *Id.* at *11. Plaintiffs' complaint alleges a monetary harm due to Defendant's violation of NYLL § 191. Specifically, Plaintiffs allege throughout their Complaint both specific individual and class allegations regarding their late payments, including examples of dates for which they were **underpaid** and attaching paystubs showing the late payments. Comp. ¶¶ 4-6, 41-43, 47-50, 54, 56-57. As this Court recently held, "temporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing." *See e.g. Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK)(SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sept. 27, 2021) ("*Caul* Order I"), motion to certify appeal denied, 2021 WL 6805889 (E.D.N.Y. Dec. 22, 2021) ("*Caul* Order II") (citing *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019)). It is not only clear that delay in payment constitutes a concrete harm, but that violations of NYLL § 191(1)(a) constitute underpayments for which there can be no question of injury. *Caul* Order I at *4. Consequently, Plaintiffs have sufficiently alleged concrete injury resulting from Defendant's violations of the NYLL § 191, and thus, have standing under Article III.

### A. **Delay in Payment Causes Injury**

Defendant's first argument regarding NYLL § 191 focuses on standing and stems from their misunderstanding of the Supreme Court's recent holding in *TransUnion, LLC v. Ramirez*, and the Second Circuit's recent holding in *Maddox v. Bank of New York Mellon Co., N.A*. *See* 141 S. Ct. 2190 (2021); 19 F.4th 58 (2d Circ. 2021). However, Defendant stretches these cases to an

3

extreme proposition they do not stand for, as both cases found or explained instances of concrete harm that are far less than what Plaintiffs have alleged here. *See TransUnion,* 141 S. Ct. at 2208-2209 (holding that plaintiffs whose credit files were provided to third parties with false information had Article III standing); *Maddox,* 19 F.4th 58.   Neither of these cases articulate a strict standard where a plaintiff must articulate the intimate details of a tangible injury; *See Spokeo, Inc. v. Robins*, 136 S. Ct., 1450, 1549 (2016) ("[c]oncrete is not, however, necessarily synonymous with tangible… it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit"); and neither case pertains to the NYLL § 191, which this Court has already found that "the late payment of wages is a concrete harm" sufficient to confer standing on the plaintiff seeking relief under NYLL § 191. *Caul* Order I at *4

Defendant fails to address that multiple courts have found that mere delay in payment constitutes concrete injury. *Id.*  Delay has further been found to satisfy standing in wage and hour cases.  *See e.g. Andrews v. Rite Aid Corp.*, No. 20 Civ. 4521 (VSB) (S.D.N.Y. Mar. 11, 2021) (oral argument transcript attached as **Ex. A**) (citing *Rogers v. City of Troy,* 148 F. 3d 52, 57 (2d Cir. 1998). (finding a delay in payment amounting to $2.96 satisfied Article III standing). This is the exact type of "traditional" harm Judge Alito confirmed to constitute concrete injury in *Spokeo*. *See* 136 S. Ct. at 1549. Moreover, it is a well settled financial principle that the time value of money is more in the present than the future. *See Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010) ("[e]very day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money"). Delay alone is a concrete injury. The inability of Plaintiffs to have and use money to which they were entitled is a concrete injury. *See Craig v. Boren*, 429 U.S. 190, 194–95, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976). The harm alleged here is "analogous to the

harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *MSPA Claims 1, LLC v. Tenet Florida*, 918 F.3d 1312, 318 (11th Cir. 2019) (citing *Spokeo*, 136 S.Ct. at 1549) (finding that the plaintiff adequately alleged an economic injury due to inability to use money that belonged to it).

Depravation of wages is an "especially acute" injury for manual workers, as they are "generally dependent on their wages for sustenance." *Caul* Order I at *4 (quoting *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (N.Y. App. Div. 2019)); *see also People v. Vetri,* 309 N.Y. 401, 405 (1955). It may be that Defendant, who operates a multi-billion-dollar business, do not identify why it is important for their manual worker employees to have the wages they have earned accessible as soon as possible, but that does not mean that they have not been injured. *See e.g.*, Nishant Choksi, Helping Low-Income Workers Stay Out of Debt, Harvard Business Review (2020) ("Stagnant wages, a rising cost of living, and increasingly irregular schedules routinely force many working Americans onto a financial knife's edge; they're able to pay their usual bills but lack a buffer to handle even small financial shocks. Part of the problem is that most U.S. workers are paid biweekly").

This is further evidenced by the necessity of New York's law outlawing predatory "payday loans." *See* 190 NY Penal Law § 1940.40; 2 NY Bank Law § 14-a; *see also People v. County Bank of Rehoboth Beach, Delaware*, 45 A.D. 1136 (3rd Dept. 2007) ("Payday loans are typically small, short-term loans that the borrower agrees to repay on the borrower's next payday. Because of the short term of the loan, the annual interest rate of a payday loan will invariably exceed the maximum interest rate permitted in New York"); Mary Caplan, Do We Know What We Think About Payday Loan Borrowers, Western Michigan University, 44 The Journal of Sociology & Social Welfare 2

(2017) (finding that payday loans target "mostly people who are economically marginalized." and are used to "meet basic needs" and are a "resource of last resort").

Defendant's reliance on *Kawa Orthodontics, LLP v. Secretary, United States Department of the Treasury*, 773 F.3d 243, 246 (11th Cir. 2014), is misguided, as the case has already been discussed by this Court in *Caul. Caul* Order II at *2.  In *Caul*, Judge Kovner stated: "For example, while the lone court of appeals decision that defendants invoke is from the Eleventh Circuit— *Kawa Orthodontics, LLP v. Secretary, U.S. Dept of the Treasury*, 773 F.3d 243, 246 (11th Cir. 2014)--defendants fail to note that the Eleventh Circuit subsequently recognized that the lost use of money can in fact support standing, *MSPA Claims 1, LLC v. Tenet Florida*, 918 F.3d 1312, 318 (11th Cir. 2019)." *Id*.  Judge Kovner instead pointed to "better reasoned and more recent cases" that "overshadowed" the defendants' "proposition that the temporary loss of money is too speculative to support Article III standing" citing to *Van v. LLR, Inc.*, 962 F.3d 1160, 1161, 1162-63 (9th Cir. 2020) (per curiam) and *Habitat Educ. Center v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir.2010). *Id*. The Court in *Caul* went on to explain that the plaintiff's complaint in *Caul*, attached as **Ex. B**, like the Complaint here (ECF No. 1), alleged the sufficient facts necessary to establish that plaintiff suffered injury. *Caul* Order II at *2. The complaint in *Caul*, like the Complaint here, alleged that "throughout plaintiff's employment, defendants paid her on a bi-weekly basis, instead of 'within seven calendar days after the end of the week in which… wages were earned.'" *Id*. (holding that these allegations were adequate to plead that she was deprived of the time value of money during periods in which payment was illegally delayed); *contra Rosario v. Icon Burger Acquisitions LLC*, No. 21 Civ 4313 (JS)(ST), 2022 WL 198503 (E.D.N.Y. Jan. 21, 2022) (directing the plaintiff to file a second amended complaint as his "barebones Amended Complaint contains no facts from which the Court could plausibly conclude that Plaintiff actually

suffered the sort of harm that would entitle him to relief); *see also* **Ex. C**, *Rosario* Complaint. Plaintiffs' Complaint here, like the Complaint in *Caul*, sufficiently alleges harm suffered. As discussed above, Plaintiffs' specific allegations regarding their late payments, including examples of dates for which they were underpaid and attaching paystubs showing the late payments, are sufficient to allege injury. Comp. ¶¶ 4-6, 41-43, 47-50, 54, 56-57.

In addition, the logical conclusion of Defendant's argument that delay does not cause injury stands for the proposition that Defendant could avoid paying any wages due until the exact second before an employee filed a complaint, be it months or years, and no harm would have occurred. This would clearly be in direct contravention of the fundamental purpose of NYLL § 191, which is to ensure such late payments do not occur.  Thus, Defendant's argument in this regard must fail.

### B. A Violation of NYLL § 191(1)(a) Constitutes Underpayment

Defendant does not attempt to justify its position that delay does not cause injury, nor does Defendant grapple with the consistent findings that NYLL § 191(1)(a) violations constitute underpayments which trigger the liquidated damage provisions of NYLL § 198. *See e,g., Sorto v. Diversified Maint. Sys.*, No. 20 Civ. 1302 (JS)(SIL), 2020 WL 8413553, at *2 (E.D.N.Y. Nov. 15, 2020) (report and recommendation adopted 2020 WL 7693108 (Dec. 28, 2020) ("the moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required") (quoting *Vega*, 175 A.D. 3d at 1145). The instant matter is a perfect example of where an underpayment occurred due to a violation of NYLL § 191(1)(a). Plaintiffs here allege they were manual workers as contemplated by the statute, and that Defendant owed them their lawfully earned pay within seven days of the week in which they completed their work. *See* ECF No. 1 (Compl. ¶¶ 4-6, 40-43, 46-50, 53-54, 56-57.). For example, Plaintiff Romalho alleges he was owed his wages for the week beginning November 27, 2016 and ending December

7

3, 2016 by December 10, 2016; and was owed his wages for the week beginning December 4, 2016 and ending December 10, 2016, by December 17, 2016. *See* Compl. ¶¶ 48-50. However, both December 10, 2016 and December 17, 2016 passed without Plaintiff Romalho receiving any of those two weeks' worth of wages. *See id.* Accordingly, as of December 10, 2016 and December 17, 2016, respectively, Plaintiff Romalho had been paid "less than what is required." *See Vega*, 175 A.D. 3d at 1145 (citing Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012]).

Despite these allegations, Defendant protests that they eventually compensated Plaintiff for the hours she worked, but this is only a partial defense. This is because at the time they paid Plaintiffs, they were not only entitled to the underlying wages, they were also entitled to liquidated damages, interest, and even injunctive relief for the violations which occurred when their wages were not paid by their due date. These remedies are set forth in NYLL § 198, and they could not be clearer. *See Duverny v. Hercules Medical P.C.*, No. 18 Civ. 7652 (DLC), 2020 WL 1033048, at \*5 (S.D.N.Y. Mar. 3, 2020) (citing *Vega*, 107 N.Y.S. 3d at 288) ("[a] plaintiff's entitlement to statutory damages pursuant to [NYLL] § 198(1-a) survives even if the employer pays the employee's base wages prior to the commencement of a civil action").

Surely, Defendant is not arguing that the liquidated damages provisions of New York Labor Law § 198 that compensate plaintiffs for underpayments are unconstitutional, nor could they. After all, there are "no meaningful differences" between NYLL § 198 and 29 U.S.C § 216. *See Rodrigue v. Lowes Home Centers, Inc.*, No. 20 Civ. 1127 (RPK) (RLM), 2021 WL 3848268, at \*5 (Aug. 27, 2021) (quoting *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018)). The United States Supreme Court in *Brooklyn Sav. Bank v. O'Neil*, affirmed the New York Court of Appeals and stated in relevant part as follows: "[Liquidated Damages] constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to

maintenance of the minimum standard of living 'necessary for health, efficiency, and general well-being of workers' and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being". 324 U.S. 697, 707 (1945).

It is more than clear, that being underpaid constitutes a "concrete" injury. As such, Plaintiff's Article III standing is established for his NYLL § 191(1)(a) claim. Should the Court disagree, Plaintiffs request the opportunity to file an amended complaint to clarify the concrete harm suffered by Plaintiffs. *Rosario*, 2022 WL 198503 (E.D.N.Y. Jan. 21, 2022) (allowing the plaintiff to file a second amended complaint to specify concrete harm in relation to NYLL § 191 claims.

## II.   A PRIVATE RIGHT OF ACTION EXISTS FOR VIOLATIONS OF NYLL § 191

Whether or not NYLL § 191 contains a private right of action is purely a question of state law. Where there is no case law from the Court of Appeals on an issue of state law, federal courts follow the rulings of the state appellate courts. *See DiBella v. Hopkins,* 403 F.3d 102, 112 (2d Cir. 2005) ("rulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise") (quoting *West v. Am. Tel. & Tel. Co.,* 311 U.S. 223, 237 (1940)); *see also V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010).

The only applicable appellate court rulings are *Vega* and *Max Finkelstein*. *See Caul* Order I at *2-3; (finding that *Vega* was the only state appellate court ruling regarding NYLL § 191); *Phillips v. Max Finkelstein, Inc*., Index No. 2020/542SC, 2021 WL 4075089, at *1 (N.Y. Sup. Ct. App. Term Aug. 26, 2021) (Second Department appellate term finding that a private right of action exists to enforce rights established under NYLL § 191), reversing the lower court's

decision;  *see also Rodrigue,* 2021 WL 3848268, at *5; *Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ. 86 (SJF)(AKT), ECF Doc. No. 58, (E.D.N.Y. Feb. 5, 2020) (affirming the courts' prior ruling to deny defendant's motion to dismiss § 191 claims, and describing *Vega* as the "lone decision from an intermediate court [that] is factually analogous"); *Sorto v. Diversified Maint. Sys., LLC*, No. 20 Civ. 1302 (JS)(SIL), 2020 WL 7693108, at *2-3 (E.D.N.Y. Dec. 28, 2020) (same); *Duverny v. Hercules Medical P.C.*, No. 18 Civ. 07652 (DLC), 2020 WL 1033048, at *5-6 (S.D.N.Y. Mar. 3, 2020) (same); *Beh v. Cmty. Care Companions Inc.*, No. 19 Civ. 1417 (JLS)(HBS), 2021 WL 3914297, at *3 (W.D.N.Y. Feb. 1, 2021), report and recommendation adopted, No. 19 Civ. 1417 (JLS)(HBS), 2021 WL 3914320 (W.D.N.Y. June 23, 2021) ("Defendants attempt to marshal contrary data to argue that Vega should not be followed.").

It is undisputed that *Vega* and *Max Finkelstein* are the only two New York Appellate decisions to weigh in on this issue. Moreover, further New York case law from the Supreme Court's Appellate Term has confirmed the *Vega* decision. *See Phillips v. Max Finkelstein, Inc*., Index No. 2020/542SC, 2021 WL 4075089, at *1 (N.Y. Sup. Ct. App. Term Aug. 26, 2021) ("unlike *Vega*, which, like the case at bar, arose from a plenary action for damages, in *IKEA*, the Second Department merely confirmed the determination of the Commissioner of Labor that an employer's payment frequency constituted a violation NYLL § 191 (1)(a)"); *Kruty v. Max Finkelstein, Inc.*, 2021 N.Y. Slip Op. 50837(U) (N.Y. Sup. Ct. App. Term Aug. 26, 2021) (together with *Phillips v. Max Finkelstein, Inc.*, "*Max Finkelstein*").[1] While Defendant may attempt to rely on *Konkur v. Utica Academy of Sci. Charter School*, 2022 WL 397774 (N.Y. Feb. 10, 2022), Judge Liman of the SDNY  has already held that the *Konkur* decision had to do with the implication of a private right of action for a different provision of the NYLL, and thus has no effect on the *Vega*

---

[1] Upon information and belief, the *Max Finkelstein* decisions are being appealed to the Second Department.

decision, which held that the NYLL **expressly provides a private right of action for the late payment of wages**. *Elhassa v. Hallmark Aviation Services, L.P.*, No. 21 Civ. 9768 (LJL), 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) (emphasis added).

Defendant can only point to pre-*Vega* cases for their proposition that there is no private of action for a violation of NYLL § 191. For example, in *Hussain v. Pakistan Int'l Airlines*, the court equated a failure to pay timely wages with an internal recordkeeping violation. No. 11 Civ. 932 (ERK)(VVP), 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012). However, this clearly ignores the legislative intent of NYLL § 191(1)(a) whereby hourly manual workers must be paid within seven days of the end of their workweek. Failure to comply with the statute results in direct harm to a manual worker. *See Vega*, 175 A.D. 3d at 1145.  The one and only post-*Vega* case from this Circuit that Defendant can point to in support of its assertion that there is no private right of action is *Arciello v. County of Nassau*, which does not address untimely payments made under NYLL § 191(1)(a), but instead discusses untimely overtime wages. No. 16 Civ. 3974, 2019 WL 4575145, at *8 (E.D.N.Y. Sept. 20, 2019). Furthermore, while the *Arciello* decision was published ten days after *Vega*, the last brief filed on the motion to dismiss was filed before the *Vega* decision, and no supplemental authority was provided to the Court. *See* No. 16 Civ. 03974 (JMA)(SIL) (E.D.N.Y.) (ECF Nos. 227, 235). Thus, it appears that the *Arciello* court was unaware of *Vega* when rendering its decision. *See also Caul* Order I at *3 (noting that *Arciello* did not address *Vega* and relied only on pre-*Vega* cases).

Each of these cases argue that untimely wage payments do not constitute an underpayment of wages by comparing the requirements of NYLL § 191 to statutes requiring employers to provide lunch breaks and keep accurate internal records. *Id.* As explained above, the key difference between these statutes and NYLL § 191 is that a failure to provide lunch breaks or keep internal

records are not issues that are directly related to the payment of wages. On the other hand, NYLL § 191 lays out direct requirements to pay timely wages, meaning that a delay in payment of wages constitutes an *underpayment* under New York law. *See Vega,* 175 A.D. 3d at 1145 (stating "the moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required"). These cases, which rely on statutes which do not relate to the payment of wages, should not be granted deference by the Court.

Defendant still attempts to argue that there is no private right of action for violations of the NYLL § 191, despite the litany of post *Vega* decisions to the contrary. *See, e.g.*, *Sorto v. Diversified Maint. Syst., LLC,* No. 20 Civ. 1302 (JS)(SIL), 2020 WL 7693108, at *2 (Dec. 28, 2020) ("the [c]ourt follows *Vega* and concludes that [] there is a private right of action for violations of Section 191"); *Quintanilla v. Kabco Pharmaceuticals*, No. 19 Civ. 6752 (PKC)(CLP), Doc. No. 18 (E.D.N.Y., Apr. 17, 2020) (declining to follow a previous decision to dismiss NYLL § 191 claims in light of the *Vega* decision); *Scott*, No. 18 Civ. 86 (affirming the courts' prior ruling to deny defendant's motion to dismiss § 191 claims, and describing *Vega* as the "lone decision from an intermediate court [that] is factually analogous"); *Philips*, 2021 WL 4075089 ("the decision . . . in [*Vega*] is controlling on the issue of whether plaintiff stated a cause of action from damages pursuant to [NYLL] §§ 191 and 198 (1-a)"); *Rodrigue v. Lowe's Home Centers, LLC*, No. 20 Civ. 1127 (RPK)(RLM), 2021 WL 3848268, at *5 (E.D.N.Y. Aug. 27, 2021) ("Since *Vega*, every court in this Circuit to consider that decision appears to have followed its construction of the New York Labor Law"); *see also Caul* Order I (E.D.N.Y. Sept. 27, 2021) (holding the § 191 provides a private right of action to enforce the late payment of full wages).

Furthermore, on November 8, 2021, Defendant sought to stay all proceedings in this matter pending the Court's decision in *Caul v. Petco Animal Supplies, Inc*. ECF No. 14. In its motion,

Defendant argued that a decision in *Caul* on the issue of whether NYLL 191 provide a private right of action "would be dispositive in this case and will obviate the need for this Court to address the issue or consider the other defenses intended to be raised by here." ECF No. 14. Defendant, despite their recognition that a decision in *Caul* would be dispositive here, now asks the Court to ignore Judge Kovner's decision in *Caul v. Petco Animal Supplies, Inc.*, as the ruling is not favorable to Endeavor. *Caul* Order II (denying the defendants' motion to certify an order for interlocutory appeal with respect to the Court's conclusion that NYLL § 191 permits manual workers to bring a civil action for delayed payment of wages even if the wages were subsequently paid).

Defendant now argues that Endeavor is not the class of employers this law is meant to cover. In arguing this, Endeavor completely disregards the law and is basically arguing that Endeavor is too big to follow wage laws applicable to almost every private employer in New York. Defendant ignore the purpose of the law, which "was to protect the manual worker who was dependent upon the 'wages' he received weekly for this existence." *Gonzales v. Gan Israel Pre-Sch.*, No. 12 Civ. 06304 (MKB), 2014 WL 1011070, at *9 (E.D.N.Y. Mar. 14, 2014) (citing *People v. Bloom*, 7 Misc.2d 1077, 1078, 167 N.Y.S.2d 179 (N.Y.City Ct.1957)). Indeed, Endeavor had the opportunity to apply to the Department of Labor for an exemption from the requirements of the NYLL § 191, as a "large" and "financially solven[t]" employer (Def. Brief at 18), but they chose not to do so, and instead operated in disregard to this law.

The uniformity of decisions post-*Vega*, confirm that this is now a well settled issue. As Defendant does not have any persuasive arguments that the Court of Appeals would find differently than the First Department, they cannot claim otherwise. Consequently, Defendant has offered this Court very little with which to contravene the First Department's decision in *Vega*, and the overall weight of authority supports Plaintiff's position that there is a private right of action

13

under NYLL § 191(1)(a). Therefore, the Court should find that a private right of action exists under this statute.

## III.     DEFENDANT'S PURPORTED CBA HAS NO EFFECT ON THIS LITIGATION

Defendant offers a CBA purportedly applying to flight attendants in support of its arguments regarding preemption. However, based on the allegations in the Complaint, this document is not appropriate to apply to a motion to dismiss. Even if the Court considers this document, it does not provide any relief to Defendant as there is no basis for a finding of preemption, nor can the existence of a CBA relieve Defendant's obligations under the NYLL. Moreover, the CBA does not cover the full statutory period for the NYLL § 191 claims asserted and Defendant does not claim that any CBA applies to employees other than flight attendants. Thus, these issues to not impact maintenance workers, inspectors and mechanics who have alleged class claims in this case.

### A.     <u>The Court Should Not Take Judicial Notice of the CBA</u>

The Second Circuit has explicitly held that "it is inappropriate for a court to consider a CBA in evaluating a motion to dismiss claims not dependent on the CBA and where no facts about the CBA are alleged in a plaintiff's complaint" *See Kaye v. Orange Regional Medical Center,* 975 F. Supp. 2d 412, 419 (S.D.N.Y. 2013) (citing *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 202–03 (2d Cir.2013) (denying defendant's motion because the CBA should not be considered on a motion to dismiss); *see also Jordan v. MV Transportation, Inc.*, No. 14 Civ. 3759 (NGG) (JO), 2016 WL 748115, at *4-5 (E.D.N.Y. Feb. 3, 2016) report and recommendation adopted 2016 WL 754358 (Fed. 24, 2016) (finding defendants' attempt to introduce a CBA for the purposes of a Rule 12(b)(6) motion "procedurally premature"). Plaintiff who is the "master of the complaint" is not responsible for pleading a CBA into her

complaint and may assert state law claims without reliance on a CBA. *See Nakahata*, 723 F.3d at 203. Instead, "[i]t is a defendant's responsibility to raise preemption by the CBA as a defense, but ... a motion addressed to the adequacy of the pleadings is not necessarily the proper place for preemption to be decided." *See id.* Plaintiff Levy did not make any allegations pertaining to this alleged CBA, nor did she assert any facts about a CBA. Thus, it would be inappropriate for the court to consider this purported CBA at this time.

### B. **Plaintiff Levy's NYLL Claim Is Not Preempted**

Regarding flight attendants only, Defendant asserts that NYLL claims are preempted when they are based on rights created under a collective bargaining agreement. Should the Court consider the CBA, Plaintiff Levy's NYLL § 191 claim is still not preempted by the CBA or the RLA.

In order for a state law to be preempted by the RLA or a CBA, the plaintiff's claims must either (a) concern rates of pay, rules or working conditions **and** relate to the formation of a CBA; or (b) grow out of grievances or out of the interpretation or application of a CBA or existing labor agreements. *Barbanti v. MTA Metro N. Commuter R.R.*, 387 F. Supp. 2d 333, 337 (S.D.N.Y. 2005) (holding that the plaintiff's state law claims were not preempted by the CBA or the RLA because they could be resolved without interpreting the CBA). Nowhere in Plaintiff's complaint does she allege that she derives any right to timely pay from any CBA. *See Kaye v. Orange Reg'l Med. Ctr.*, 975 F. Supp. 2d 412, 425 (S.D.N.Y. 2013) (determining that the CBA did not preempt the plaintiff's claims under the NYLL, because any CBA provision would "[a]t most …need to be merely referenced" to resolve the plaintiff's NYLL claims); *Vera v. Saks & Co.*, 335 F.3d 109, 115 (2d Cir. 2003) ("Nor would a state claim be preempted if its application required mere referral to the CBA for information such as rate of pay and other economic benefits that might be helpful

in determining the damages to which a worker prevailing in a state-law suit is entitled."). Plaintiff's claims do not relate to or arise out of any CBA or labor agreements. Instead, Plaintiff alleges that pursuant to the NYLL § 191, a statutory claim under state law, Defendant was required to pay her and other manual workers on a weekly basis, and failed to do so. Plaintiff does not allege a violation of any CBA, nor do Plaintiff's claims relate in any way to the purported CBA.

It is well established that the NYLL establishes separate rights than afforded under a CBA. *See Kyecsek v. J.P. Hogan Corning & Sawing, Corp.*, No. 18 Civ. 1023 (PAC); 2019 WL 1059998, at *4 (S.D.N.Y. Mar. 6, 2019) (quoting *Kaye*, 975 F. Supp. 2d at 422) ("it is 'well settled' that claims pursuant to N.Y. Labor Law are 'truly independent of rights under the CBA.'). It is further established that a CBA does not override these rights. *See Livada v. Bradshaw*, 512 U.S. 107, 124-25 (1994) (concluding employee's state law penalty claim for late payment of wages after her discharge was not preempted because it would only require reference to the wage rate provision of the CBA to calculate damages); *Polanco v. Brookdale Hospital*, 819 F. Supp. 2d 129, 133 (E.D.N.Y. 2011) ("Section 301, however, does not preempt state claims when state law confers an independent statutory right to bring a claim"). Plaintiff's claims are based solely on an independent statutory right arising under the NYLL. *See Hinterberger v. Cath. Health*, No. 08 Civ. 380S (WMS), 2008 WL 5114258, at *6 (W.D.N.Y. Nov. 25, 2008), amended, No. 08 Civ.380S, 2009 WL 4042718 (WMS) (W.D.N.Y. Nov. 19, 2009); *see also Mack v. Metro-North Commuter R.R.*, 876 F.Supp. 490, 492 (S.D.N.Y.1994) ("As long as the state-law claim can be resolved without interpreting the [CBA] itself, the claim is 'independent' of the agreement for § 301 purposes."); *Santoni Roig v. Iberia Lineas Aereas de Espana*, 688 F. Supp. 810, 813 (D.P.R. 1988) ("So long as plaintiffs allege to be entitled to a relief provided by a legal source other than a collective

bargaining agreement promoting fair employment practices or legitimate government concerns, the claim will not be preempted by the mandatory arbitration proceedings under the RLA.").

Courts in this Circuit routinely find that NYLL claims are not preempted by the mere existence of a CBA. *See e.g.*, *Kyecsek v. J.P. Hogan Corning & Sawing, Corp.*, No. 18 Civ. 1023 (PAC); 2019 WL 1059998, at *4 (S.D.N.Y. Mar. 6, 2019) (finding the plaintiff's NYLL claims "independent" and "distinct" from a CBA); *Jordan*, 2016 WL 748115, at *5 ("[plaintiff's] claims require little, if any, analysis of the CBAs. A state claim is not preempted if its application requires mere referral to the CBA for information such a rate of pay"); *Mclean v. Garage Management Corp.*, No. 10 Civ. 3950 (DLC), 2011 WL 1143003, at *3 (S.D.N.Y. Mar. 29, 2011) (quotations omitted) ("[LMRA § 301] does not preempt actions to enforce "state prescribe[d] rules ... rights and obligations that are independent of a labor contract…even if resolving a dispute under a state law claim and the CBA "would require addressing precisely the same set of facts, as long as the state law claim can be resolved without interpreting the agreement itself"); *Polanco v. Brookdale Hospital,* 819 F. Supp. 2d 129, 133 (E.D.N.Y. 2011) (quoting *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 408 (1987) ("[e]ven if resolution of a state-law claim 'involves attention to the same factual considerations as the contractual determination ... such parallelism does not mandate preemption'").

Defendant grasps at straws in an attempt to point to a CBA provision it claims will be necessary to interpret in order to resolve Plaintiff's claims. Despite Defendant's contentions regarding the CBA, it is clear that no interpretation of any of the CBA's provisions are necessary to resolve Plaintiff's claims pursuant to the NYLL only. Section 301 of the LMRA preempts claims where they are "founded *directly* on rights created by collective-bargaining agreements, and also claims '*substantially dependent* on analysis of a collective-bargaining agreement.'" *Isaacs v.*

*Central Parking Systems of New York, Inc.*, No. 10 Civ. 5736 (ENV)(LB), 2012 WL 957494, at

\*2 (E.D.N.Y. Feb. 27, 2012) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987)

(emphasis added). However, "not every dispute concerning employment, or tangentially involving

a provision of a collective-bargaining agreement, is pre-empted." *Ramirez v. Riverbay Corp.*, 35

F. Supp. 3d 513, 523 (S.D.N.Y. 2014) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211

(1985). "The test for determining whether a claim is preempted by § 301 is "whether the [claim

implicates] . . . rights [of] employers or employees independent of any right established by

contract, or, instead, whether evaluation of the . . . claim is inextricably intertwined with

consideration of the terms of the labor contract." *Id.* Defendant claims that because the CBA states

the days of the month in which flight attendants are to be paid on, the Court must interpret the

CBA in order to resolve Plaintiff's claims for untimely pay under the NYLL. However, Plaintiff

is not alleging untimely pay under the CBA, only under the NYLL, a separate and independent

claim from any under the CBA. Moreover, the Court need not interpret the CBA in order to

determine whether Plaintiff and other flight attendants are manual workers. Manual workers are

defined under NYLL § 190(4). Whether Plaintiff and other flight attendants are manual workers

within the definition provided in the NYLL is dependent on the Court's reading of the NYLL as it

pertains to what Plaintiff was doing in actuality, versus what their job duties on paper may have

been. *See, e.g., Beh*, 2021 WL 3914297, at \*3 (analyzing tasks the plaintiff's claimed to do and

how much time they claimed to have spent on such tasks in regard to their status as manual workers

under the NYLL); *see also* **Ex. D**, N.Y. Dep't of Labor Counsel Opinion Letter RO–08–0061,

December 4, 2008 ("the mere description of an employee as [having a particular job title] is not

sufficient for a determination that such employee is a 'manual worker.' To make such a

determination, [. . .] would need additional details of the duties and tasks **performed** by the

employees [. . .] and the approximate amount of time spent in each task or duty) (emphasis added). Thus, the claim is not "substantially dependent upon analysis of a [CBA]." *Vera v. Saks & Co.*, 335 F.3d 109, 114 (2d Cir. 2007).

In the present matter, Plaintiff Levy has alleged that she was not paid on a timely basis according to NYLL § 191(1)(a). Nowhere in Plaintiff's complaint does she allege that she derives any right to timely pay from any CBA. Accordingly, Defendant's argument regarding preemption falls flat.

## IV. PLAINTIFF LEVY'S CLAIM DOES NOT VIOLATE THE COMMERCE CLAUSE OR ATTEMPT TO APPLY THE NYLL EXTRATERRITORIALLY

Plaintiff Levy is only seeking to represent Flight Attendants who are or were based or predominantly work in New York.[2] Yet, despite its knowledge of this, Defendant's argument solely focuses on claiming that Plaintiff seeks to represent flight attendants who spent a *de minimis* amount of time in New York. Def Brief at 26-27. Defendant asks the Court to bar Plaintiff Levy and the proposed flight attendant class from bringing NYLL claims. As an alternative to barring all proposed flight attendants from this action, Defendant then attempts to bar three classes of flight attendants from the case: (i) flight attendants based outside of New York (even if they predominantly worked in New York); (ii) flight attendants who performed work outside of New York (in any capacity); and (iii) flight attendants who earned any wages outside of New York.

While the dormant Commerce Clause limits the power of local governments to enact laws that inhibit national commerce, the dormant Commerce Clause does not preclude state regulation of flight attendant wages [. . .] particularly when the FLSA itself reserves that authority to states and localities. *Hirst v. Skywest, Inc.*, 910 F.3d 961, 963 (7th Cir. 2018). Federal courts throughout the county have found that state wage and hour laws applicable to employees, such as flight

---

[2] Endeavor is a regional airline, with the large-majority of its flights both beginning and ending in New York.

attendants, do not violate the dormant Commerce Clause. *See, e.g.*, *Hirst*, 910 F.3d at 967 (allowing flight attendants to move forward with their state and local wage claims, finding they did not violate the dormant Commerce Clause); *Wilson v. SkyWest Airlines, Inc.*, No. 19 Civ. -01491 (VC), 2021 WL 2913656, at *1 (N.D. Cal. July 12, 2021) (holding that state's meal break, rest break, and wage statement laws to flight attendants does not violate the dormant Commerce Clause); *Ward v. United Airlines, Inc.*, 986 F.3d 1234, 1242 (9th Cir. 2021) (state law regulating wage statements provided to pilots and flight attendants whose principal place of work was within the state did not violate the dormant Commerce Clause); *Bernstein v. Virgin Am., Inc.*, 3 F.4th 1127 (9th Cir. 2021) (flight attendants' rights under state labor laws were not barred by the dormant Commerce Clause). Further, the Ninth Circuit held that while state-by-state wage regulations may increase operating costs, United Airlines could not demonstrate that such regulation would "impair the free flow of commerce across state borders or impede operation of the national airline industry." *Ward*, 986 F.3d at 1242.

Defendant apparently argues that the NYLL violates the dormant Commerce Clause as to flight attendants because "it has the practical effect of 'extraterritorial' control of commerce occurring entirely outside the boundaries of the state in question." *Levy v. Rowland*, 359 F. Supp. 2d 267, 273 (E.D.N.Y. 2005). Defendant then goes on to argue that the violation of the Commerce Clause based solely on Plaintiffs who are neither based in New York, nor predominantly work in New York – flight attendants who Plaintiff Levy does not seek to represent. Applying the NYLL to flight attendants who are based in New York and/or predominantly work in New York does not ultimately control commerce occurring <u>entirely outside of</u> New York, as required to violate the dormant Commerce Clause.

While Defendant alternatively seek to bar only: (i) flight attendants based outside of New York (even if they predominantly worked in New York); (ii) flight attendants who performed work outside of New York (in any capacity); and (iii) flight attendants who earned any wages outside of New York, Defendant points to no legal authority to do so. All of the case law that Defendant points to pertains to employees who solely worked outside of New York, and never worked in New York. Def. Brief at 30-31.  Defendants ignore the fact that these flight attendants did work in New York and that Plaintiff Levy is only seeking to represent flight attendants who are or were based in New York and/or who predominantly worked in New York. These flight attendants are entitled to the protections of the NYLL. *See, e.g.*, *Salouk v. Eur. Copper Specialties, Inc.*, No. 14 Civ. 8954 (DF), 2019 WL 2181910 (S.D.N.Y. May 2, 2019) (New York labor law could apply to work performed in New Jersey incident to public works project in Manhattan); *Heng Guo Jin v. Han Sung Sikpoom Trading Corp.*, No. 13 Civ. 6789, 2015 WL 5567073 (E.D.N.Y. Sept. 21, 2015) (denying the defendant's motion for summary judgement on the issue of whether the NYLL applied to a delivery driver who made deliveries both in and out of the state); *Padula v. Lilarn Properties Corp.*, 84 N.Y.2d 519 (1994) (declining to apply a bright line rule against the application of the NYLL to any conduct taking place outside of New York State); *Hernandez v. NJK Contractors, Inc.*, No. 09 Civ. 4812 (RER). 2015 WL 1966355, at *41–42 (E.D.N.Y., May 1, 2015) (presumption against extraterritorial application of New York labor law would not preclude New York-based workers' recovery under that law for travel time to and from job site in neighboring state); *Bostain v. Food Express, Inc.*, 153 P.3d 846, 852 (2007) (Washington overtime law applied to Washington-based interstate truck driver, even when driving out of state); *Dow v. Casale*, 989 N.E.2d 909, 913 (2013) (Massachusetts wage law applied to traveling salesperson of Massachusetts employer, even though salesperson resided in Florida and performed work in more

than 19 states); *Ward v. United Airlines, Inc.*, 9 Cal. 5th 732, 466 P.3d 309 (2020) (employees are covered under the California wage statement statute if the employee's principal place of work is in California); *Bernstein v. Virgin Am., Inc.*, 3 F.4th 1127 (9th Cir. 2021) (California labor law applied to flight attendants for work performed outside of California for interstate airline employer).

Defendant is seemingly arguing that flight attendants can never be subject to **ANY** state labor laws, which is clearly an untenable position. As such, the Court should deny Defendant's motion to dismiss the claims of Plaintiff Levy and the flight attendant class.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion in its entirety.

Dated: New York, New York
      February 28, 2022

Respectfully submitted,

*/s/ Brian S. Schaffer*
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiffs and the
Putative Class*
