**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

BRITTNEY LEVY, MAURICE ROMALHO, and
EMAD HAMID, individually and on behalf of all
others similarly situated,

                Plaintiffs,

      v.

ENDEAVOR AIR, INC.,

                Defendant.

---

Civil Action No. 1:21-cv-04387-ENV-JRC

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO AMEND AND TO CERTIFY THE COURT'S**
**NOVEMBER 1, 2022 ORDER FOR INTERLOCUTORY APPEAL AND TO STAY**

Date of Service:  November 29, 2022

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     STANDARD FOR CERTIFICATION ................................................................ 2

III.    THE COURT SHOULD CERTIFY AN INTERLOCUTORY APPEAL ........................ 3

      A.      Whether Plaintiffs Have A Private Right Of Action For Liquidated
Damages Because They Were Paid Less Frequently Than Weekly Is a
Controlling Question Of Law. ................................................................... 3

      B.      Substantial Ground For Difference Of Opinion Exists As To Whether
Plaintiffs Have A Private Right Of Action For Liquidated Damages
Because They Were Paid Less Frequently Than Weekly. ..................................... 6

      C.      An Immediate Appeal Of Whether Plaintiffs Have A Private Right Of
Action For Liquidated Damages Because They Were Paid Less Frequently
Than Weekly Will Materially Advance This Litigation To Ultimate
Termination. ............................................................................................... 8

IV.    THE COURT SHOULD STAY THIS CASE PENDING DISPOSITION OF
ENDEAVOR'S INTERLOCUTORY APPEAL .............................................. 9

V.      CONCLUSION ................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Balintulo v. Daimler AG*,
   727 F.3d 174 (2d Cir. 2013)................................................................................2

*Capitol Records, LLC v. Vimeo, LLC*,
   972 F. Supp. 2d 537 (S.D.N.Y. 2013)..............................................................3, 8

*Coley v. Vannguard Urb. Improvement Ass'n, Inc.*,
   No. 12-cv-5565-(PKC)(RER), 2018 WL 1513628 (E.D.N.Y. Mar. 29, 2018) ........................6

*Diatek Licensing LLC v. Estrella Media, Inc.*,
   No. 22-CV-3508 (LJL), 2022 WL 5108090 (S.D.N.Y. Oct. 4, 2022)....................................10

*Ferring B.V. v. Allergan, Inc.*,
   343 F. Supp. 3d 284 (S.D.N.Y. 2018)................................................................10

*Florio v. City of New York, N.Y.*,
   No. 06-cv-6473, 2008 WL 3068247 (S.D.N.Y. Aug. 5, 2008)................................................8

*Gardner v. D&D Elec. Constr. Co.*,
   No. 160249/2018, 2019 WL 3765345 (Sup. Ct., N.Y. Cnty. Aug. 7, 2019) ...........................7

*Glatt v. Fox Searchlight Pictures Inc.*,
   No. 11-cv-6784, 2013 WL 5405696 (S.D.N.Y. Sept. 17, 2013) ............................................4

*Grant v. Global Aircraft Dispatch, Inc.*,
   2021 WL 6777500 (Sup. Ct., Queens Cnty. Apr. 20, 2021)....................................................7

*Gutierrez v Bactolac Pharm., Inc.*,
   No. 609612/19, 2022 WL 16826781 (2d Dep't Nov. 9, 2022)................................................7

*Hunter v. Planned Bldg. Servs., Inc.*,
   No. 715053/2017, 2018 WL 3392476 (Sup. Ct., Queens Cnty. June 11, 2018).....................6

*Hussain v. Pak. Int'l Airlines Corp.*,
   No. 11–cv–932-(ERK)(VVP), 2012 WL 5289541 (E.D.N.Y. Oct. 23, 2012) ........................6

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in
Amministrazione Straordinaria*,
   921 F.2d 21 (2d Cir. 1990)....................................................................................4

*Laurent v. PricewaterhouseCoopers LLP*,
   No. 06-CV-2280, 2014 WL 251986 (S.D.N.Y. Jan. 22, 2014) ...............................................3

*Nken v. Holder*,
    556 U.S. 418 (2009) ......................................................................................9

*Pen Am. Ctr., Inc. v. Trump*,
    No. 18-cv-9433-LGS, 2020 WL 5836419 (S.D.N.Y. Oct. 1, 2020) .........................2

*Sec. & Exch. Comm'n v. Rio Tinto PLC*,
    No. 17-cv-7994-(ATD)(CF), 2021 WL 1893165 (S.D.N.Y. May 11, 2021) ..............6

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
    277 F.R.D. 84 (W.D.N.Y. 2011) ....................................................................10

*Sutherland v. Ernst & Young LLP*,
    856 F. Supp. 2d 638 (S.D.N.Y. 2012) ...............................................................9

*Tantaros v. Fox News Network, LLC.*,
    465 F. Supp. 3d 385 (S.D.N.Y. 2020) ...............................................................4

*Vega v. CM & Assocs. Constr. Mgmt.*,
    175 A.D.3d 1144 (1st Dep't 2019) ........................................................... *passim*

*Weber v. United States*,
    484 F.3d 154 (2d Cir. 2007) ...........................................................................8

*Zakrzewska v. The New Sch.*,
    598 F. Supp. 2d 426 (S.D.N.Y. 2009) ...............................................................8

**Statutes**

28 U.S.C. § 1292(b) ...........................................................................2, 8, 9

**Other Authorities**

22 NYCRR § 500.27 ..........................................................................................8

Fed. R. App. P. Rule 5(a)(3) ..............................................................................2

Fed. R. App. P. Rule 8(a)(1) ..............................................................................9

N.Y. Constitution, Article VI, § 3(b)(9) ...............................................................8

N.Y. Ct. R. 500.27(a) ........................................................................................2

Defendant Endeavor Air, Inc. ("Defendant" or "Endeavor"), by and through its attorneys Morgan, Lewis & Bockius LLP, respectfully submits this Memorandum of Law in Support of its Motion to Amend and to Certify the Court's November 1, 2022 Order (Dkt. 24) for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b) and Rule 5(a)(3) of the Federal Rules of Appellate Procedure ("Fed. R. App. P.") and to stay further proceedings pending this Motion and the potential interlocutory appeal's disposition pursuant to Rule 8(a)(1) of the Fed. R. App. P.

## I.   <u>INTRODUCTION</u>

Plaintiffs Brittney Levy, Maurice Romalho, and Emad Hamid (collectively, "Plaintiffs") and a putative class of alleged "manual workers" ask the Court to award them a substantial penalty equal to 100% of their wages over the last six years—even though Plaintiffs concede that they received every cent they were owed.  Plaintiffs' claim is the mirror image of hundreds of cases that have been filed in New York in the last few years threatening ruinous financial liability for large and small employers alike.  The Court's November 1, 2022 order reflects an *Erie* prediction as to how the New York Court of Appeals would rule on whether there is a private right of action for technical violations of NYLL § 191 ("Section 191").  The Court made that guess based primarily on a conclusory, seven paragraph decision from the First Department in *Vega v. CM & Assocs. Constr. Mgmt.* in 2019.  175 A.D.3d 1144 (1st Dep't 2019) ("Vega").  *Vega's* novel decision broke with a long line of cases holding Section 191 is not privately enforceable and has opened the proverbial floodgates, inspiring plaintiffs, like the Plaintiffs here, who claim that manual workers who are paid in full every two weeks are entitled to seek, as liquidated damages, an extra payment equal to half of all wages they have already been paid for up to six full years.

This is exactly the type of case that is worthy of interlocutory appeal to the Second Circuit and certification by the Second Circuit to the New York Court of Appeals.  The core legal question in this case—whether New York law authorizes a private right for the liquidated damages that

-1-

Plaintiffs seek here—is one that has not been resolved by the Second Circuit or the New York Court of Appeals. The question is a narrow and purely legal one, with a potentially outcome-determinative effect. The lack of any on-point, controlling precedent makes this issue particularly well-suited for certification to the New York Court of Appeals by the Second Circuit, since trial courts lack that power. *See* N.Y. Ct. R. 500.27(a). And given the sheer volume of lawsuits constantly being filed (and settled) and the massive, business-crippling amounts of damages at stake across many industries, this Court should grant Endeavor's motion to certify this Court's order for interlocutory appeal to give those courts the opportunity to resolve this indisputably important, and dispositive, legal question without further delay.

For these reasons, and those set forth in more detail below, Endeavor respectfully submits that the Court should amend its November 1, 2022 Order (Dkt. 24) and should certify the Order for immediate appeal and stay further proceedings pending disposition.

## II.   STANDARD FOR CERTIFICATION

A district court can certify a question for interlocutory appeal if (1) involves a controlling question of law; (2) as to which there are substantial grounds for difference of opinion; and (3) an immediate appeal from the Order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Where, as here, "a ruling satisfies these criteria and involves a new legal question or is of special consequence, then the district court should not hesitate to certify an interlocutory appeal." *Pen Am. Ctr., Inc. v. Trump*, No. 18-cv-9433-LGS, 2020 WL 5836419, at *3 (S.D.N.Y. Oct. 1, 2020) (*quoting Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013)). When the district court's order as originally issued does not include this certification, Rule 5(a)(3) of the Federal Rules of Appellate Procedure authorizes the court to amend its prior order to include it in response to a party's motion. Fed. R. App. P. 5(a)(3).

III.   **THE COURT SHOULD CERTIFY AN INTERLOCUTORY APPEAL**

The Court should certify its November 1, 2022 Order (Dkt. 24) for interlocutory review, because, the question of whether the NYLL affords Plaintiffs – like those in this case – who have been paid in full all wages owed with a private right of action for liquidated damages for an alleged technical violation of Section 191's frequency of pay provision involves a controlling question of law, as to which there are substantial grounds for difference of opinion, and an appeal will materially advance the ultimate disposition of the litigation.

   A.   **Whether Plaintiffs Have A Private Right Of Action For Liquidated Damages Because They Were Paid Less Frequently Than Weekly Is a Controlling Question Of Law.**

Whether Plaintiffs can maintain a private right of action to recover liquidated damages for an alleged frequency of pay violation is an outcome determinative, controlling legal question.  This factor thus weighs in favor of certifying an immediate appeal.

The question of law "must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record."  *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013).  The question of whether Plaintiffs have a private right of action is a pure question of law that turns on the statutory interpretation of the NYLL.  *See Laurent v. PricewaterhouseCoopers LLP*, No. 06-CV-2280, 2014 WL 251986, at *1 (S.D.N.Y. Jan. 22, 2014) ("The Court's Order . . . hinged on statutory interpretation—a quintessentially legal determination.").  Moreover, the Court will not need to make any findings of fact in order to reach its decision on whether there is a private right of action.  *See Capitol Records, LLC*, 972 F. Supp. 2d at 552 ("Because the issue turns almost exclusively on a question of statutory interpretation, the reviewing court could decide [it] quickly and cleanly without having to study the record.").  The question of whether Plaintiffs have a private right of action is, therefore, a pure question of law.

"[A] question of law is controlling if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990). A question of law can also be controlling if reversal of the district court's order "could significantly affect the conduct of the action" or if "the certified issue has precedential value for a large number of cases." *Glatt v. Fox Searchlight Pictures Inc.*, No. 11-cv-6784, 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013). The question of law in this case is controlling for multiple reasons.

First, reversal of the Order would terminate the action. This is not the case where Plaintiffs' claims will be tried in full regardless of the outcome. To the contrary, a decision from the Circuit Court finding that Plaintiffs do not have a private right of action will strip the Plaintiffs of their ability to bring this lawsuit and dispose of the case fully and finally without any further proceedings. *See Klinghoffer,* 921 F.2d at 24 ("[I]t is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action."). Given that an interlocutory appeal will potentially obviate the need for the entire litigation, certification at the earliest possible stage is the most efficient way of proceeding. Indeed, the Court and the parties will waste substantial time and resources if they are required to engage in discovery and to litigate the case in full before determining whether Plaintiffs are even permitted under the statute to bring the claim. Interlocutory review is compelling to avoid that risk.

Second, Courts also consider whether the certified issue has precedential value for a large number of cases. *Tantaros v. Fox News Network, LLC.,* 465 F. Supp. 3d 385, 390 (S.D.N.Y. 2020) (granting motion to certify where the state law question implicated had wide-reaching precedential impact). It cannot be disputed that clear guidance from the Second Circuit or the New York Court of Appeals would aid district courts in a large number of cases. Following the First Department's

-4-

ruling in *Vega*, plaintiffs have—in unprecedented droves—initiated "gotcha" class action lawsuits against employers that paid manual workers in full but a few days late.  These plaintiffs are not seeking unpaid wages, for they have already been paid every penny they are owed.  Rather, they are seeking colossal, often financially ruinous, penalties, including liquidated damages (equal to 100% of their "late" wages for the past six years), interest, and enormous fees for their attorneys.

Prior to *Vega*, courts correctly held that employees only have a private right of action to recover for *underpayments* (i.e., where an employee did not receive her complete wages owed for time worked).  *Vega* allowed a claim for untimely wages to proceed without an accompanying underpayment.  In other words, the plaintiff was paid the full amount of the wages owed to him in accordance with a commonplace bi-weekly payment schedule, yet sought a windfall recovery of 50% of his entire gross earnings for a six-year period.  *Vega's* unfounded statutory construction produces absurd results that are disastrous for New York businesses.  For instance, under *Vega's* interpretation, if a hypothetical "manual worker" worked forty hours per week and earned the current New York City minimum wage of $15 per hour for the statutory period, she would be entitled to $93,600.  For a small business with only 100 employees, this amounts to $9,360,000; and, for a business with 1,000 employees, the potential liability increases to $93,600,000; and, for a business with 10,000 employees, the potential liability amounts to $936,000,000.  *This is true even though the employer already paid the employees 100% of their wages.*  The Legislature never intended choosing the wrong payroll frequency to be a business-ending decision.

With this degree of potential recovery, it is not surprising that *Vega* has created a boom in Section 191 lawsuits.  Endeavor has identified roughly 150 cases raising Section 191 claims since the start of 2019.  *See* Appendix A.  This does not include the unknowable number of threatened Section 191 claims that are settled without litigation.  Yet even with all these pending and

threatened cases, there has not been a decision by the New York Court of Appeals or Second Circuit. That is because many defendants are forced to settle to avoid the risk attendant to litigation of a potential "liability catastrophe." Such coerced settlements have the unfortunate effect of hindering further clarity around the law. There is thus good reason to conclude that further development of the law, and interlocutory appeal, will provide wide-reaching precedential impact for the many federal and state courts across New York faced with this novel and determinative legal issue.

### B. Substantial Ground For Difference Of Opinion Exists As To Whether Plaintiffs Have A Private Right Of Action For Liquidated Damages Because They Were Paid Less Frequently Than Weekly.

A substantial ground for difference of opinion exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Sec. & Exch. Comm'n v. Rio Tinto PLC*, No. 17-cv-7994-(ATD)(CF), 2021 WL 1893165, at *2 (S.D.N.Y. May 11, 2021). There is a substantial ground for difference of opinion over a novel question of state law here.

There is conflicting authority on the issue of whether Plaintiffs have a private right. Plaintiffs' claim is predicated on a novel interpretation of the law that started with a conclusory, seven paragraph decision from the First Department in *Vega*. *Vega's* analysis is confusing, perfunctory, and does not adequately explain how it reached it decision. *Vega's* holding upset the near-unanimous rulings of federal and New York trial courts that no such right of action exists. *See e.g.*, *Coley v. Vannguard Urb. Improvement Ass'n, Inc.*, No. 12-cv-5565-(PKC)(RER), 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 29, 2018); *Hussain v. Pak. Int'l Airlines Corp.*, No. 11–cv– 932-(ERK)(VVP), 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012); *Hunter v. Planned Bldg. Servs., Inc.*, No. 715053/2017, 2018 WL 3392476, at *2-3 (Sup. Ct., Queens Cnty. June 11, 2018);

*Gardner v. D&D Elec. Constr. Co.*, No. 160249/2018, 2019 WL 3765345, at *3-4 (Sup. Ct., N.Y. Cnty. Aug. 7, 2019).

The law on this issue is far from settled.  The operative question in this case is a matter of first impression in this Circuit.  Indeed, there have been no decisions at all by the New York Court of Appeals or the Second Circuit on this issue.  Likewise, while many federal courts have followed *Vega* (*see e.g.*, Order at 11), recent New York State court cases have called the *Vega* decision into question and reaffirmed pre-*Vega* decisional law.  For instance, the Court in *Grant v. Global Aircraft Dispatch*, correctly dismissed Section 191 claims for late-but-full wage payments after considering extensive briefing on the applicability of *Vega*, because "the NYLL §191[(1)(a)] does not provide for private recovery for [pay frequency] violations" where there is no allegations that plaintiffs were not paid the wages owed to them).  *Grant v. Global Aircraft Dispatch, Inc.*, 2021 WL 6777500, at *3 (Sup. Ct., Queens Cnty. Apr. 20, 2021).  Furthermore, the Second Department issued a ruling on November 9, 2022 (8 days ***after*** this Court's Order) reaffirming what the pre-*Vega* cases had found for years—that Section 191 "pertains to frequency of pay ***and not unpaid wages***."  *Gutierrez v Bactolac Pharm., Inc.,* No. 609612/19, 2022 WL 16826781, at *2 (2d Dep't Nov. 9, 2022) (emphasis added).  There the Second Department affirmed the trial court's dismissal of the Section 191 claims for alleged unpaid overtime wages.  *Id.*  This decision squarely conflicts with *Vega*, which (wrongly) held that a frequency of pay violation results in a claim for unpaid wages, and therefore employees can bring a private claim under Section 198 because Section 198 authorizes private enforcement for unpaid wage claims.

Moreover, the issue is complex and subject to legitimate dispute.  It involves interpretation of a novel issue of state law that, as explained above, courts in New York State are conflicted over.  Part of Congress' intent in passing §1292(b) was "to assure the prompt resolution of knotty legal

-7-

problems." *Weber v. United States*, 484 F.3d 154, 159 (2d Cir. 2007).   Accordingly, the most prudent course is for the Court to certify the operative question, which presents a knotty legal issue of state law that is subject to legitimate, substantial dispute for interlocutory review by the United States Court of Appeals for the Second Circuit, which has the authority to seek an opinion or an authoritative construction of the NYLL from the New York Court of Appeals.[1]

### C.   An Immediate Appeal Of Whether Plaintiffs Have A Private Right Of Action For Liquidated Damages Because They Were Paid Less Frequently Than Weekly Will Materially Advance This Litigation To Ultimate Termination.

"Courts place particular weight on the last . . . factor[]" which is satisfied "if that appeal promises to advance the time for trial or to shorten the time required for trial." *Florio v. City of New York, N.Y.*, No. 06-cv-6473, 2008 WL 3068247, at *1 (S.D.N.Y. Aug. 5, 2008).   This prong is "closely connected" to the first factor.   *Capitol Recs., LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013).   The third factor, like the first factor, weights in favor of certification.

As explained in more detail above, this is not a case where Plaintiffs' claims will be tried in full regardless of the disposition from the Second Circuit.   The issue for certification is controlling and potentially fully dispositive.   If the Circuit Court finds that a private right of action does not exist, then this case will be immediately dismissed with no further proceedings, because Plaintiffs' Section 191 claim is their sole claim in this case.   Certifying an immediate appeal is, therefore, the more efficient way of proceeding and will be the "ultimate termination of" this case. 28 U.S.C. § 1292(b).

---

[1] This Court did not have that option.   State law questions may be certified to the New York Court of Appeals by the United States Court of Appeals for the Second Circuit, but not by U.S. District Courts.   *See* N.Y. Constitution, Article VI, § 3(b)(9); 22 NYCRR § 500.27.   That further weighs in favor of granting Endeavor's motion for interlocutory appeal to the Second Circuit to obtain an advisory opinion from New York's highest court.   *See Zakrzewska v. The New Sch.*, 598 F. Supp. 2d 426, 437 n.63 (S.D.N.Y. 2009) (certifying interlocutory appeal while expressly contemplating that the Second Circuit, in turn, "may see fit to certify this state law question to the New York Court of Appeals").

**IV.    THE COURT SHOULD STAY THIS CASE PENDING DISPOSITION OF
ENDEAVOR'S INTERLOCUTORY APPEAL**

This Court has the discretion to amend its Order, or to issue a separate order, staying all

proceedings pending decision on this motion and any resulting interlocutory appeal.  28 U.S.C. §

1292(b); Fed. R. App. P. 8(a)(1).  A stay pending appeal is warranted where, as here, the (1)

"applicant has made a strong showing that [it] is likely to succeed on the merits; (2) . . . applicant

will be irreparably injured absent a stay; (3) . . . issuance of the stay will [not] substantially injure

the other parties interested in the proceeding; and (4) … public interest lies."  *Nken v. Holder*, 556

U.S. 418, 434 (2009).  "While stated in these terms, the test contemplates that a movant may be

granted relief even if it demonstrates something less than a likelihood of success on the merits of

its appeal. Thus, if it shows 'serious questions' going to the merits of its appeal as well as

irreparable harm, the stay may be granted."  *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d

638, 640 (S.D.N.Y. 2012).  All of these factors weigh in favor of a stay.

First, and as explained in more detail above, Endeavor has raised "serious questions"

regarding whether Plaintiffs can privately enforce violations of Section 191.  Indeed, there is

substantial difference of opinion over a knotty, pure legal issue of state law.  This factor thus

weighs in favor of a stay.

Second, Endeavor will suffer considerable hardship if discovery moves forward while

Endeavor's motion and any subsequent appeal is pending.  The issue presented for interlocutory

appeal is a pure question of law that goes to the heart of Plaintiffs' only claim.  As a result, a ruling

from the Circuit court will affect this case no matter the outcome.  If the Second Circuit determines

that no private right exists under Section 191, that ruling will be dispositive and the entire case

will be dismissed.  A stay in this action will, therefore, conserve resources and will prevent both

parties from having to incur expenses associated with complicated legal and class-wide discovery

on an issue that may well prove to be moot.  *See Ferring B.V. v. Allergan, Inc.*, 343 F. Supp. 3d 284, 291 (S.D.N.Y. 2018) (finding irreparable harm and granting stay where "[c]ontinuation of trial at this stage, with a case-dispositive issue pending on appeal, would drain parties' resources and the Court's" because "[i]f on appeal the Federal Circuit reverses this Court's Standing Opinion, trial will have been a nullity, irreparably harming both parties.").  Accordingly, this factor also weighs in favor of a stay.

Third, Plaintiffs will not be harmed by the issuance of a stay.  Discovery in this case was stayed pending Defendant's Motion to Dismiss and Plaintiffs suffered no harm.  There is no logical explanation for why or how an extension of that stay pending appeal would harm Plaintiffs.  Additionally, Plaintiffs have been paid all money owed and merely seek additional money in the form of penalties that they think ought to be paid to them.  As a result, the only prejudice that Plaintiffs may try to point to here, is a delay in litigating this action.  Litigation delay is, however, inherent in every stay.  Courts have found that a delay in litigation is not itself sufficiently prejudicial to outweigh the benefits of staying the case.  *See Diatek Licensing LLC v. Estrella Media, Inc.*, No. 22-CV-3508 (LJL), 2022 WL 5108090, at *2 (S.D.N.Y. Oct. 4, 2022) (granting stay where plaintiff did not show prejudice "aside from the prejudice present in every stay that it will be delayed in prosecuting its case.") (citing *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 88 (W.D.N.Y. 2011) (granting stay, noting "delay alone is insufficient to prevent a stay").  Reluctance in staying actions is less valid in a class action lawsuit (like the one pending here) where independent claimants need to accept certain procedural delays due to the class mechanism.  That is especially true where, as is the case here, the issue pending goes to Plaintiffs' very ability to bring their claims.

Fourth, a stay will promote judicial efficiency and economy.  If granted, a stay may prevent the Court from having to decide issues (e.g., discovery disputes and class certification) that could ultimately become moot.

Accordingly, a stay of proceedings is warranted in this case to conserve the Court's and the parties' resources.

## V.   <u>CONCLUSION</u>

As the result of the possibility of extensive liquidated damages, the stakes here are extremely high.   Given the uncertainly with respect to these important novel and case determinative issues of law, together with the enormous practical significance for employers across many industries, this is exactly the type of case that is worthy of interlocutory appeal.  For all of the foregoing reasons, Endeavor respectfully requests that the Court amend its November 1, 2022 Order (Dkt. 24) and certify the Order for interlocutory appeal.  Endeavor also respectfully requests that the Court issue a stay pending a disposition of this motion and determination on any subsequent appeal, together with such other and further relief as this Court deems appropriate.

Dated: November 29, 2022                    Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP
By: <u>/s/ Ira G. Rosenstein</u>
   Ira G. Rosenstein
   Nicole M. Zito
   101 Park Avenue
   New York, NY 10178-0060
   Phone: (212) 309-6700
   Fax: (212) 309-6001
   Email:  ira.rosenstein@morganlewis.com
        nicole.zito@morganlewis.com

*Attorneys for Defendant Endeavor Air, Inc.*

**Appendix A:  Section 191 Cases Filed Since *Vega's* Decision in 2019.**

*Abreu v. Monarch Realty Holdings, LLC*, No. 21-cv-2418 (S.D.N.Y.); *Acevedo v. Trader Joe's East Inc.*, No. 22-cv-2024 (S.D.N.Y.); *Adduci v. Swissport USA Inc.*, No. 22-cv-1172 (E.D.N.Y.); *Al Zinnah v. Pep Boys—Manny, Moe & Jack of Del., Inc.*, No. 701394/2020 (Queens Cnty. Sup. Ct.); *Al Zinnah v. Pep Boys—Manny, Moe & Jack of Del., Inc.*, No. 20-cv-1544 (E.D.N.Y.); *Almonte v. Gabrielli Truck Sales Ltd.*, No. 805777/2021E (Bronx Cnty. Sup. Ct.); *Alvarado v. Zyara Rest. Corp.*, No. 21-cv-3432 (E.D.N.Y.); *Alvarez v. Happy Caterpillar Clubhouse, LLC*, No. 718286/2019(Queens Cnty. Sup. Ct.); *Anderson v. Flat Rate Movers, Ltd.*, No. 35487/2019E (Bronx Cnty. Sup. Ct.); *Andrade v. Simply Nat. Snacking LLC*, No. 21-cv-6320 (E.D.N.Y.); *Angeles v. Buy Baby, Inc.*, No. 22-cv-1002 (E.D.N.Y.); *Arias v. Allair Sheet Metal Corp.*, No. 502201/2020 (Kings Cnty. Sup. Ct.); *Ayad v. PLS Check Cashers of N.Y., Inc.*, No. 20-cv-1039 (E.D.N.Y.); *Birthwright v. Advance Stores Co.*, No. 22-cv-593 (E.D.N.Y.); *Bisnaugh v. MacAndrews & Forbes Group LLC*, No. 151464/2020 (N.Y. Cnty. Sup. Ct.); *Brito v. Quest Diagnostics Inc.*, No. 21-cv-7019 (E.D.N.Y.); *Cabrera v. Rose Hill Asset Mgmt. Corp.*, No. 20-cv-2699 (S.D.N.Y.); *Caccavale v. Hewlett-Packard Co.*, No. 20-cv-974 (E.D.N.Y.); *Carroll v. Amico Corp.*, No. 21-cv-6631 (E.D.N.Y.); *Caul v. Petco Animal Supplies, Inc.*, No. 20-cv-3534 (E.D.N.Y.); *Cedeno v. WV Constr. Inc.*, No. 21-cv-2594 (E.D.N.Y.); *Chambers v. Cougar Express, Inc.*, No. 508683/2020 (Bronx Cnty. Sup. Ct.); *Chaparro v. Lazo*, No. 21-cv-3335 (E.D.N.Y.); *Chumil v. Tu Casa #2 Rest. Corp.*, No. 20-cv-4016 (E.D.N.Y.); *Cinto v. Nuccios Bakery, Inc.*, No. 19-cv-7229 (E.D.N.Y.); *Clark v. Woodvalley Contractors Corp.*, No. 21-cv-6302 (E.D.N.Y.); *Clarke v. Sunrise Senior Living Mgmt. Inc.*, No. 21-cv-3762 (E.D.N.Y.); *Clemons v. Enter. Holdings Inc.*, No. 20-cv-5259 (E.D.N.Y.); *Cohen v. Petro, Inc.*, No. 20-cv-2409 (E.D.N.Y.); *Colon v. P.C. Richard & Son Long Island Corp.*, No. 602021/2022 (Suffolk Cnty. Sup. Ct.); *Confusione v. Autozoners*, LLC, No. 21-cv-1 (E.D.N.Y.); *Contini v. Fekkai*, No. 156267/2020 (N.Y. Cnty. Sup. Ct.); *Cosaj v. 111-32 76th Ave. LLC*, No. 21-cv-1464 (E.D.N.Y.); *Cumberbatch v. Target Corp.*, No. 22-cv-1236 (S.D.N.Y.); *Davis v. Banana Republic LLC*, No. 21-cv-6160 (E.D.N.Y.); *De Los Santos v. J. Hardware Distrib. Corp.*, No. 35316/2019E (Bronx Cnty. Sup. Ct.); *DeMaria v. Five Guys Enters., LLC*, No. 21-cv-3688 (E.D.N.Y.); *Diallo v. NYC Froyo Partners LLC*, No. 21-cv-9222 (S.D.N.Y.); *Diaz v. Parents Ass'n of Yeshiva & Mesifta Torah Vodaath, Inc.*, No. 21-cv-4102 (E.D.N.Y.); *Diaz v. Pep Boys—Manny, Moe & Jack of Del. Inc.*, No. 21239/2020E (Bronx Cnty. Sup. Ct.); *Dickens v. Scrap King Metro & Iron Inc.*, No. 21-cv-2673 (E.D.N.Y.); *Dilbert v. Armonk Senior Care LLC*, No. 35261/2019E (Bronx Cnty. Sup. Ct.); *Elhassa v. Hallmark Aviation Servs. LP*, No. 21-cv-9768 (S.D.N.Y.); *Ellison v. Sera Security Servs. LLC*, No. 31442/2019E (Bronx Cnty. Sup. Ct.); *Espinal v. Hill Enter. Inc.*, No. 21-cv-4973 (E.D.N.Y.); *Figueroa v. United Am. Sec. LLC*, No. 613892/2020 (Nassau Cnty. Sup. Ct.); *Fitzpatrick v. Boston Market Corp.*, No. 21-cv-9618 (S.D.N.Y.); *Ford v. Broadway Internal Med. P.C.*, No. 20-cv-1635 (E.D.N.Y.); *Francis v. Target Corp.*, No. 20-cv-5986 (E.D.N.Y.); *Fuentes v. Rosemary B. Desloge MD PC*, No. 150004/2020 (N.Y. Cnty. Sup. Ct.); *Gabriel v. Homyn Enters. Corp.*, No. 20-cv-2232 (E.D.N.Y.); *Garcia v. Parkchester Pizza Palace Inc.*, No. 32659/2019E (Bronx Cnty. Sup. Ct.); *Garcia v. W Servs. Grp. LLC*, No. 22-cv-1959 (S.D.N.Y.); *Gashi v. Herbert Slepoy Corp.*, No. 21-cv-5932 (E.D.N.Y.); *Gonzalez v. Cheesecake Factory Rest., Inc.*, No. 21-cv-5017 (E.D.N.Y.); *Gordon v. BlueTriton Brands Inc.*, No. 22-cv-2138 (S.D.N.Y.); *Graham v. Sportime Clubs, LLC*, No. 20-cv-2645 (E.D.N.Y.); *Grant v. Wakefern Food Corp.*, No. 21-cv-8590 (S.D.N.Y.); *Guzman v. Party City Corp.*, No. 22-cv-666 (S.D.N.Y.); *Harris v. Old Navy, LLC*, No. 21-cv-09946 (S.D.N.Y.); *Heath v. One of Kind Transport Inc.*, No. 21-cv-6920 (E.D.N.Y.); *Henriquez v. Century Carriers Inc.*, No. 21-cv-6205 (E.D.N.Y.); *Hernandez v.*

*Sharp Mgmt. Corp.*, No. 20-cv-4415 (S.D.N.Y.); *Hernandez v. Sweet Cake Box, Inc.*, No. 20-cv-439 (E.D.N.Y.); *Hess v. Bed Bath & Beyond, Inc.*, No. 21-cv-4099 (S.D.N.Y.); *Hibbert v. Christmas Tree Shops, LLC*, No. 21-cv-10531 (S.D.N.Y.); *Hossain v. Emu Health Servs. LLC*, No. 20-cv-2854 (E.D.N.Y.); *Hughes v. Love Conquers All Inc.*, No. 20-cv-2697 (S.D.N.Y.); *Ibrahim v. Nature's Grill LLC*, No. 20-cv-2849 (E.D.N.Y.); *Jackson v. Madison Security Grp., Inc.*, No. 21-cv-8721 (S.D.N.Y.); *James v. Brownstone NYC Mgmt. Corp.*, No. 21-cv-5926 (E.D.N.Y.); *Jean-Pierre v. Walgreen Co.*, No. 21-cv-1452 (E.D.N.Y.); *Juarez v. Torres*, No. 22-cv-1027 (S.D.N.Y.); *Kandic v. Greenstar Mgmt. Inc.*, No. 22-cv-776 (S.D.N.Y.); *Kingston v. Buy Baby*, No. 603184/2021 (Nassau Cnty. Sup. Ct.); *Krawitz v. Five Below, Inc.*, No. 22-cv-02253 (E.D.N.Y.); *Lall v. Harvic Int'l Ltd.*, No. 20-cv-3293 (S.D.N.Y.); *Laroche v. Huntington Power Equip. Inc.*, No. 21-cv-7156 (E.D.N.Y.); *Leeman v. Best Buy Stores, L.P.*, No. 20-cv-156 (E.D.N.Y.); *Lema v. Fitzcon Excavation Inc.*, No. 20-cv-2311 (E.D.N.Y.); *Levy v. Endeavor Air, Inc.*, No. 21-cv-4387 (E.D.N.Y.); *Lichtenstein v. Bed Bath & Beyond Inc.*, No. 154074/2020 (N.Y. Cnty. Sup. Ct.); *Lin v. Beyond Rest. Inc.*, No. 716431/2020 (Queens Cnty. Sup. Ct.); *Linary v. Lincoln Controls Inc.*, No. 810121/2021E (Bronx Cnty. Sup. Ct.); *Ling v. Twinkling Spa Inc.*, No. 717166/2020 (Queens Cnty. Sup. Ct.); *Mabe v. Wal-Mart Assocs., Inc.*, No. 20-cv-591 (N.D.N.Y.); *Macchiavello v. ABB/Con-cise Optical Group LLC*, No. 22-cv-08468 (S.D.N.Y.); *Malloy v. Mgmt. 26 Inc.*, No. 20-cv-1633 (E.D.N.Y.); *Mariano v. Simone Prop. Mgmt., Inc.*, No. 20-cv-10933 (S.D.N.Y.); *Marquina v. Monroe Coll. Ltd.*, No. 151839/2022 (N.Y. Cnty. Sup. Ct.); *Marrero v. Ryer Realty Holdings 2108 LLC*, No. 20-cv-603 (S.D.N.Y.); *Martin v. Innovative Lab Solutions NY, LLC*, No. 21-cv-2980 (E.D.N.Y.); *Martin v. Nat. Organics, Inc.*, No. 22-cv-509 (E.D.N.Y.); *Mathis v. Wavecrest Mgmt. Grp., LLC*, No. 31392/2020E (Bronx Cnty. Sup. Ct.); *McDonald v. Specialty Parking, L.L.C.*, No. 718511/2019 (Queens Cnty. Sup. Ct.); *McSpirit v. Covent Bridge (USA), Inc.*, No. 20-cv-5754 (S.D.N.Y.); *Medina v. Bobcat of N.Y. Inc.*, No. 25727/2020E (Bronx Cnty. Sup. Ct.); *Mestre v. Brook Hosp. Mgmt. LLC*, No. 31440/2019E (Bronx Cnty. Sup. Ct.); *Mohammed v. All Am. School Bus Corp.*, No. 21-cv-6816 (E.D.N.Y.); *Morian v. All. Ground Int'l, LLC*, No. 527226/2019 (Kings Cnty. Sup. Ct.); *Mormon v. Clear Brook Mgmt. Inc.*, No. 20-cv-2695 (S.D.N.Y.); *Narsingh v. Prasad Mgmt. LLC*, No. 20-cv-1533 (E.D.N.Y.); *Nativedad Mias v. Katz*, No. 702726/2020 (Queens Cnty. Sup. Ct.); *Oldacre v. ECP-PF CT Operations Inc.*, No. 22-cv-88 (W.D.N.Y.); *Otero v. 7000 Bay Parkway Owners Corp.*, No. 521408/2019 (Kings Cnty. Sup. Ct.); *Paul v. Dollar Tree Stores, Inc.*, No. 510896/2021 (Bronx Cnty. Sup. Ct.); *Perez v. Mechanical Serv. Corp. of N.Y.*, No. 21-cv-2467 (S.D.N.Y.); *Portillo v. Grey Hawk Flooring Inc.*, No. 22-cv-183 (E.D.N.Y.); *Quito v. JT Renovation N.Y. Inc.*, No. 21-cv-6439 (E.D.N.Y.); *Rasberry v. On Point Sys. & Mgmt. Inc.*, No. 21-cv-6195 (E.D.N.Y.); *Rath v. Jo-Ann Stores, LLC*, No. No. 21-cv-791 (W.D.N.Y.); *Rivera v. Swimjim, Inc.*, No. 22017/2020E (Bronx Cnty. Sup. Ct.); *Rodriguez v. 99 Cents Hot Pizza Inc.*, No. 22-cv-1711 (E.D.N.Y.); *Rodriguez v. Brooklyn Solarworks LLC*, No. 516080/2020 (Kings Cnty. Sup. Ct.); *Rodriguez v. Lowe's Home Centers, LLC*, No. 20-cv-1127 (E.D.N.Y.); *Rodriguez v. Oakdale Academy Campus Inc.*, No. 152226/2021 (Richmond Cnty. Sup. Ct.); *Rodriguez v. Tiny Footsteps, Inc.*, No. 719066/2019 (Queens Cnty. Sup. Ct.); *Rodriguez v. Williams-Sonoma, Inc.*, No. 22-cv-02436 (E.D.N.Y.); *Rojas v. Aqua Design Grp. Inc.*, No. 523982/2020 (Kings Cnty. Sup. Ct.); *Rollins v. Worldwide Flight Servs., Inc.*, No. 22-cv-1274 (E.D.N.Y.); *Roman v. Wheels on the Bus Inc.*, No. 21-cv-6377 (E.D.N.Y.); *Rosario v. Icon Burger Acquisition LLC*, No. 21-cv-4313 (E.D.N.Y.); *Ross v. P.F.N.Y. LLC*, No. 22-cv-314 (E.D.N.Y.); *Roundtree v. Aerotek, Inc.*, No. 21-cv-5434 (S.D.N.Y.); *Sahadeo v. Fine Spine Chiropractic P.C.*, No. 22-cv-1474 (E.D.N.Y.); *Samuels v. TCPRNC LLC*, No. 800091/2022E (Bronx Cnty. Sup. Ct.); *Sangar v. FCS Grp. LLC*, No. 20-cv-840 (E.D.N.Y.); *Seecharan v. S.G.M.C. LLC*, No. 22-cv-1080 (E.D.N.Y.); *Sevilla v. House of Salads One LLC*, No.

20-cv-6072 (E.D.N.Y.); *Sharoubim v. Wal-Mart Assocs. Inc.*, No. No. 21-cv-2903 (E.D.N.Y.); *Shaw v. ProCore, LLC*, No. 21-cv-3883 (S.D.N.Y.); *Silva v. Victoria's Secret Store*, No. 20-cv-9745 (S.D.N.Y.); *Simmons v. Expressive Lighting Inc.*, No. 20-cv-367 (E.D.N.Y.); *Singh v. PANDJ Trucking Corp.*, No. 22-cv-1083 (E.D.N.Y.); *Sorin v. Peloton Interactive, Inc.*, No. 20-cv-5729 (E.D.N.Y.); *Sorto v. Diversified Maint. Sys. LLC*, No. 21-cv-463 (E.D.N.Y.); *St. Catherine v. Lidl US LLC*, No. 22-cv-1641 (E.D.N.Y.); *St. John v. Adesa Inc.*, No. 22-cv-1257 (E.D.N.Y.); *Suquilanda v. Competitive Ventures Inc.*, No. 21-cv-1454 (E.D.N.Y.); *Thomas v. Charter Commc'ns Holding Co.*, LLC, No. 21-cv-2751 (E.D.N.Y.); *Torres v. 1100 Jefferson Assocs., L.L.C.*, No. 21-cv-862 (S.D.N.Y.); *Turkaj v. Lantower Realty L.P.*, No. 20-cv-2539 (S.D.N.Y.); *Umadat v. Costco Wholesale Corp.*, No. 21-cv-4814 (E.D.N.Y.); *Valentin v. Pirgos Food Corp.*, No. 21-cv-5781 (S.D.N.Y.); *Vasconcelo v. Edco Supply Corp.*, No. 506591/2021 (Kings Cnty. Sup. Ct.); *Wilcher v. Vilano Emp't Servs., Inc.*, No. 21-cv-5930 (E.D.N.Y.); *Williams v. Sunrise Senior Living Mgmt. Inc.*, No. 603289/2022 (Nassau Cnty. Sup. Ct.); *Wright v. Skywest Airlines Inc.*, No. 22-cv-914 (E.D.N.Y.); *Yunganaula v. D.P. Grp. Gen. Contractors/Developers Inc.*, No. 21-cv-2015 (E.D.N.Y.); *Zhu v. King Chef Yang's Corp.*, No. 717293/2020 (Queens Cnty. Sup. Ct.).