FFIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRITTNEY LEVY, MAURICE ROMALHO, and EMAD HAMID, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> ENDEAVOR AIR, INC., <br><br> Defendant. | No. 21 Civ. 4387 (ENV)(JRC) |

### <u>MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND AND CERTIFY THE COURT'S NOVEMBER 1, 2022 ORDER FOR INTERLOCUTORY APPEAL</u>

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street
New York, New York 10005
Telephone: (212) 300-0375

Date of Service: January 12, 2023

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT ...............................................................................1

LEGAL STANDARD ................................................................................................1

I.  THERE IS NO "SUBSTANTIAL DIFFERENCE OF OPINION" REGARDING
WHETHER A PRIVATE RIGHT OF ACTION EXISTS UNDER NYLL § 191...............2

    A.  The First Department's Ruling in *Vega* Removes All Uncertainty From
This Matter ................................................................................4

    B.  Pre-*Vega* New York Appellate Courts Implied a Private Right of
Action Under NYLL § 191 ...................................................9

    C.  Pre-*Vega* District Courts Have Found or Implied a Private Right of
Action According to NYLL § 191 .........................................9

    D.  A Private Right of Action for Late Payment of Wages Under the NYLL
is Supported by Similar Rights Found Under the FLSA. ................100

CONCLUSION .......................................................................................................12

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Adar Bays, LLC v. Aim Exploration, Inc.*,
    310 F. Supp. 3d 454 (S.D.N.Y. 2018) -------------------------------------------------------- 2

*Beh v. Cmty. Care Companions Inc.*,
    No. 19 Civ. 1417 (JLS) (HBS), 2021 WL 3914297 (W.D.N.Y. Feb. 1, 2021)--------------6, 11

*Biggs v. Wilson*,
    1 F. 3d 1537 (9th Cir. 1993)--------------------------------------------------------------------11

*Brooklyn Sav. Bank v. O'Neil*,
    324 U.S. 697 (1945) ------------------------------------------------------------------------ 11, 12

*Bynog v. Cipriani Group, Inc.*,
    298 A.D. 2d 164 (1st Dept. 2002)----------------------------------------------------------------- 9

*Bynog v. Cipriani Group, Inc.*,
    1 N.Y. 3d 193 (2003) ---------------------------------------------------------------------------- 9

*Caccavale v. Hewlett Packard*,
    No. 20 Civ. 974 (GRB) (JMW), Minute Entry  Dated Feb. 2, 2021 (E.D.N.Y.)---------------- 3

*Carrera v. DT Hosp. Grp.*,
    No. 19 Civ. 4235 (RA) (KHP), 2021 WL 6298656 (S.D.N.Y. Nov. 1, 2021) ------------------ 6

*Caul v. Animal Supplies, Inc.*,
    No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856 (E.D.N.Y. Sep. 27, 2021)--------------- 5,7

*Caul v. Petco Animal Supplies, Inc.*,
    No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 6805889 (S.D.N.Y. Dec. 22, 2021) ------------------ 2

*Cohen v. Finz & Finz, P.C.*,
    131 A.D. 3d 666 (2d Dept. 2015) ------------------------------------------------------------------- 9

*Coley v. Vanguard Urb. Improvement Ass'n*,
    No. 12 Civ. 5565 (PKC) (RER), 2018 WL 1513628 (E.D.N.Y. Mar. 27, 2018) ------------------ 7

*Cuzco v. Orion Builders, Inc.*
  No. 06 Civ. 2789 (KMW)(THK), 2010 WL 2143662 (S.D.N.Y. May 26, 2010) --------------- 10

*Davis v. Banana Republic, LLC,*
  No. 21 Civ. 6160 (KAM) (E.D.N.Y. Apr. 5, 2022) --------------------------------------------- 4

*DiBella v. Hopkins,*
  403 F.3d 102 (2d Cir. 2005) -------------------------------------------------------------- 1, 3, 4, 9

*Duverny v. Hercules Medical P.C.,*
  No. 18 Civ. 07652 (DLC), 2020 WL 1033048 (S.D.N.Y. Mar. 3, 2020) -------------------------- 6

*Elhassa v. Hallmark Aviation Services, L.P.,*
  No. 21 Civ. 9768 (LJL), 2022 WL 563264 (S.D.N.Y. Feb. 24, 2022) ------------------------------ 6

*Gallimore v. Gottlieb,*
  2018 WL 1335255 (Sup. Ct. NY Cty. 2018) ------------------------------------------------------- 8

*Gardner v. D&D Elec. Constr. Co.,*
  No. 160249/2018, 2019 WL 3765345 (N.Y. Sup. Ct. Aug. 9, 2019) ------------------------------- 7

*Gillett v. Zara USA, Inc.,*
  No. 20 Civ. 3734 (KPF), 2022 WL 3285275 (S.D.N.Y. 2022) --------------------------------------- 5

*Gottlieb v Kenneth D. Laub & Co.,*
  82 NY2d 457 (1993) --------------------------------------------------------------------------------- 8

*Grant v. Global Aircraft Dispatch, Inc.,*
  Index No. 72004/2019, 2021 WL 6777500 (Sup. Ct., Queens Cnty. Apr. 20, 2021)------------- 8

*Gutierrez v. Bactolac Pharm, Inc.,*
  Index No. 609612/19, 2022 WL 16826781 (N.Y. App. Div. 2d Dept. Nov. 9, 2022)---------- 7,8

*Hart v. Rick's Cabaret Int'l, Inc.,*
  73 F. Supp. 3d 382 (S.D.N.Y. 2014)------------------------------------------------------------------ 2

*Hunter v. Planned Bldg. Servs., Inc.,*
  No. 715053/2017, 2018 WL 3392476 (N.Y. Sup. Ct. June 20, 2018)------------------------------ 7

*Hussain v. Pak. Int'l Airlines Corp.*,
    No. 11 Civ. 932 (ERK)(VVP), 2012 WL 5289541 (E.D.N.Y. Oct. 23, 2012)-------------------- 7

*In re Ambac Fin. Grp., Inc. Sec. Litig.*,
    693 F.Supp.2d 241, 282 (S.D.N.Y. 2010) ------------------------------------------------------- 2

*In re Flor*,
    79 F. 3d 281 (2d Cir. 1996)------------------------------------------------------------------------- 2

*Jones v. Nike Retail Services, Inc.*,
    No. 22 Civ. 3343, 2022 WL 4007056 (E.D.N.Y. Aug. 30, 2022)---------------------------------- 6

*Katz v. Equinox Holdings, Inc.*,
    No. 20 Civ. 9856, 2022 WL 1292262 (S.D.N.Y. Apr. 29, 2022)---------------------------------- 5

*Kruty v. Max Finkelstein, Inc.*,
    2021 N.Y. Slip Op. 50837(U) (N.Y. N.Y. Sup. Ct. App. Term Aug. 26, 2021)------------------- 5

*Lopez v. Overtime 1st Ave. Corp.*,
    252 F. Supp. 3d 268 (S.D.N.Y. 2017) ------------------------------------------------------------- 2

*Lopez-Serrano v. Rockmore*,
    132 F. Supp. 3d 390 (E.D.N.Y. 2015)-------------------------------------------------------------10

*Marco v. Shaker Contractors, Corp.*,
    No. 22 Civ. 1427 (JPC), 2022 WL 17251667 (S.D.N.Y. Nov. 28, 2022)-------------------------- 6

*Martin v. United States*,
    117 Fed. Cl. 611 (2014) --------------------------------------------------------------------------11

*Morris v. Alle Processing Corp.*,
    No. 08 Civ. 4874 (JMA), 2013 WL 12363063 (E.D.N.Y. Oct. 22, 2013) ------------------------- 2

*Niyazov v. Park Fragrance, LLC*,
    2014 WL 957004 (Sup Ct. NY Cty. 2014) --------------------------------------------------------- 8

*Phillips v. Max Finkelstein, Inc.*,
    Index No. 2020/542SC, 2021 WL 4075089 (N.Y. Sup. Ct. App. Term Aug. 26, 2021)--------- 5

*Picard v. Saren-Lawerence*,
    No. 17 Civ. 5157 (GBD), 2018 WL 4659476 (S.D.N.Y. Sep. 11, 2018) -------------------------- 2

*Quintanilla v. Kabco Pharmaceuticals*,
    No. 19 Civ. 6752 (PKC)(CLP), ECF No. 18 (E.D.N.Y. Apr. 17, 2020) --------------------------- 6

*Ramirez v. Lin*,
    830 Fed. Appx. 672 (2d Cir. 2020) ------------------------------------------------------------------- 11

*Rana v. Islam*,
    887 F. 3d 118 (2d Cir. 2018) -------------------------------------------------------------------- 11, 12

*Rath v. Jo-Ann Stores, LLC*,
    No. 21 Civ. 791S, 2022 WL 17324842 (W.D.N.Y. Nov. 29, 2022) --------------------------------- 5

*Rath v. Jo-Ann Stores*, *LLC*,
    No. 21 Civ. 791 (WMS), ECF No. 34, Minute Entry Dated Dec. 13, 2022 (W.D.N.Y.) -------- 3

*Rodrigue v. Lowe's Home Centers, LLC*,
    No. 20 Civ. 1127, 2021 WL 3848268 (E.D.N.Y.  Aug. 27, 2021) --------------------------- 6, 11, 12

*Rosario v. Icon Burger Acquisition LLC*,
    No. 21 Civ. 4313 (JS)(ST), 2022 WL 17553319 (E.D.N.Y. Dec. 9, 2022)------------------------ 6

*Scott v. Whole Foods Market Group, Inc.*,
    No. 18 Civ. 86 (SJF)(AKT), 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019) ------------------------ 10

*Scott v. Whole Foods Market Group, Inc.*,
    No. 18 Civ. 86, (SJF) (AKT), WL 9814095 (E.D.N.Y. Feb. 5, 2020)----------------------------- 6, 9

*Sorto v. Diversified Maint. Syst., LLC*,
    No. 20 Civ. 1302 (JS)(SIL), 2020 WL 7693108 (E.D.N.Y. Dec. 28, 2020)----------------------- 6

*Transp. Workers Union of Am. v. N.Y. City Transit Auth.*,
    358 F.Supp.2d 347 (S.D.N.Y. 2005)------------------------------------------------------------------ 2

*Urtubia v. B.A. Victory Corp.*,
    857 F. Supp. 2d 476 (S.D.N.Y. 2012) ------------------------------------------------------------- 10

*V.S. v. Muhammad*,
    595 F. 3d 426 (2d Cir. 2010) ------------------------------------------------------------------------ 4

*Vega v. CM & Assoc. Const. Mgt., LLC*,
   175 A.D. 3d 1144 (N.Y. 1st Dept. 2019) ------------------------------------------------------- passim

*Wang Kwong Ho v. Target Construction of NY Corp.*,
   No. 08 Civ. 4750 (KAM)(RER), 2011 WL 1131510 (E.D.N.Y. Mar. 28, 2011)----------------- 10

*West v. Am. Tel. & Tel. Co.*,
   311 U.S. 223 (1940) ------------------------------------------------------------------------- 1, 4, 9

STATUTES

28 U.S.C. § 192(b) ................................................................................................................1

New York Labor Law § 191 .........................................................................................passim

## PRELIMINARY STATEMENT

The Supreme Court and the Second Circuit have clearly articulated that "rulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *See DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005)) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)). Here, The Court's order was in lockstep with the First Department's ruling in *Vega v. CM & Assoc. Const. Mgt., LLC*. This ruling has been followed by **every court in this Circuit** that has weighed this question since its decision. Despite this clear precedent, Defendant asks the Court to certify an interlocutory appeal to the Second Circuit of the Court's Order denying their renewed motion to dismiss. *See* ECF No. 24 (the "Order").

However, Defendant offers very little to establish why the Court should afford them this extraordinary relief. A full review of the Order, controlling precedent, and **every single District Court ruling made post *Vega*,** shows that the overwhelmingly weight of authority stands in stark contrast to Defendant's unsupported position. Yet Defendant somehow asserts there is a substantial ground for a difference of opinion regarding the availability of a private right of action to New York Labor Law ("NYLL") § 191.

As clearly set-out below, Defendant's arguments fail and Plaintiff respectfully requests that the Court deny Defendant's motion in its entirety.

## LEGAL STANDARD

Under 28 U.S.C. § 192(b), the Court may "certify an interlocutory appeal if the relevant order: 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate

termination of the litigation'". *See Picard v. Saren-Lawerence,* No. 17 Civ. 5157 (GBD), 2018 WL 4659476, at *3 (S.D.N.Y. Sep. 11, 2018) (quoting *Adar Bays, LLC v. Aim Exploration, Inc.*, 310 F. Supp. 3d 454, 456 (S.D.N.Y. 2018)). District courts have unfettered discretion to deny certification of interlocutory appeals as they are strongly disfavored in federal practice. *Lopez v. Overtime 1st Ave. Corp.*, 252 F. Supp. 3d 268, 273 (S.D.N.Y. 2017) (citing *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F.Supp.2d 241, 282 (S.D.N.Y. 2010); *Transp. Workers Union of Am. v. N.Y. City Transit Auth.*, 358 F.Supp.2d 347, 351 (S.D.N.Y. 2005)).

A substantial ground for difference of opinion exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Hart v. Rick's Cabaret Int'l, Inc.*, 73 F. Supp. 3d 382, 393 (S.D.N.Y. 2014) (internal citations and quotations omitted). "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Morris v. Alle Processing Corp.*, No. 08 Civ. 4874 (JMA), 2013 WL 12363063, at *14 (E.D.N.Y. Oct. 22, 2013) (citing *In re Flor*, 79 F. 3d 281, 284 (2d Cir. 1996). Instead, certification of an interlocutory appeal is "strictly limited" and only justified by "**exceptional circumstances**." *See In re Flor*, 79 F. 3d at 284 (emphasis added).

## ARGUMENT

### I.  THERE IS NO "SUBSTANTIAL DIFFERENCE OF OPINION" REGARDING WHETHER A PRIVATE RIGHT OF ACTION EXISTS UNDER NYLL § 191

Despite Defendant's contentions, numerous courts have already held that there is no substantial ground for difference of opinion as whether a private right of action for delayed wage payments under NYLL § 191 as to warrant this Court to certify an interlocutory appeal. *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 6805889, at *1 (S.D.N.Y. Dec. 22, 2021) (denying motion for interlocutory appeal and stating "[t]here is not substantial

2

ground for a difference of opinion as to the availability of a private right of action for delayed waged payments under the NYLL"); *Caccavale v. Hewlett Packard*, No. 20 Civ. 974 (GRB) (JMW), Minutes Entry Dated Feb. 2, 2021 (E.D.N.Y.)[1] (denying motion to certify interlocutory appeal because there was no basis "to establish that this issue presents any 'substantial ground for difference of opinion,'" as "district courts that have addressed this issue have reached the same conclusion"); *Rath v. Jo-Ann Stores*, No. 21 Civ. 791 (WMS) , ECF No. 34, Minute Entry Dated Dec. 13, 2022 (W.D.N.Y.)[2] (denying the defendants motion to certify for interlocutory appeal as to a private right of action under NYLL § 191, stating "Defendant fails to identify precedent contrary to *Vega* . . . suggesting a substantial ground for a difference of opinion, while the overwhelming weight of opinion acknowledges that private right of action").

Defendant's position that there are substantial grounds for a difference of opinion is mere wishful thinking. Plaintiff does concede that prior to the *Vega* decision, some courts had found that NYLL § 191 does not carry a private right of action.[3] However, the *Vega* decision is controlling here, as it is the **only** New York Appellate Court ruling on this issue. *See Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ. 86 (SJF)(AKT), ECF Doc. No. 58, (E.D.N.Y. Feb. 5, 2020) (describing *Vega* as the "lone decision from an intermediate court [that] is factually analogous"). Defendant does not attempt to address why this Court should ignore clear precedent with regards to this matter. *See DiBella*, 403 F.3d at 112.

Notably, the Court in *Caccavale* when faced with this exact question, stated that there "were no exceptional circumstances" that could justify certification of an interlocutory appeal. No. 20 Civ. 974 (GRB) (JMW), Minute Entry Dated Feb. 2, 2021 (E.D.N.Y.)

---

[1] Attached as Exhibit A to Declaration of Brian S. Schaffer ("Schaffer Decl.").
[2] Attached as Ex. B to Schaffer Decl.
[3] The language used by district courts in rendering prior decisions shows their uncertainty in ruling there was no private right of action. This uncertainty was cleared up by the *Vega* decision.

Moreover, Defendant continues to ignore that the New York Court of Appeals has addressed NYLL § 191 on multiple occasions, and has at least inferred that a private right of action exists.

### A. The First Department's Ruling in *Vega* Removes All Uncertainty From This Matter

It is well settled that a district court is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is "persuasive evidence that the state's highest court would reach a different conclusion." *See DiBella*, 403 F.3d at 112; *see also Mabe v. Wal-Mart Assocs., Inc.*, No. 20 Civ. 00591, 2021 WL 1062566, at *3 (N.D.N.Y. Mar. 18, 2021) ("As a federal court applying state law, we are generally obliged to follow the state law decisions of state intermediate appellate courts ... in the absence of any contrary New York authority or other persuasive data establishing that the highest court of the state would decide otherwise."). This is crystal clear precedent from the controlling Courts of this District. *See id.; see also West*, 311 U.S. at 237 ("[w]here an intermediate appellate state court rests its considered judgment upon the rule of law which it announces… it is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise"); *V.S. v. Muhammad*, 595 F. 3d 426, 432 (2d Cir. 2010) ("this Court is bound to apply the law as interpreted by a by a state's intermediate appellate courts").

It is undisputed that *Vega* is the **only** New York Appellate Court to weigh in on this issue. As Judge Matsumoto stated "*Vega* does state that there is a private right of action and even if the New York Court of Appeals hasn't ruled definitively on the issue, we have the decision which many courts in the Second Circuit have follow." *See* Transcript, *Davis v. Banana Republic, LLC*, No. 21 Civ. 6160 (KAM) (E.D.N.Y. Apr. 5, 2022) attached as Ex. C to Schaffer Decl. Moreover, further New York case law from the Supreme Court's Appellate Term has confirmed the *Vega*

decision. *See Phillips v. Max Finkelstein, Inc.*, Index No. 2020/542SC, 2021 WL 4075089, at *1 (N.Y. Sup. Ct. App. Term Aug. 26, 2021) ("unlike *Vega*, which, like the case at bar, arose from a plenary action for damages, in *IKEA*, the Second Department merely confirmed the determination of the Commissioner of Labor that an employer's payment frequency constituted a violation NYLL § 191 (1)(a)"); *Kruty v. Max Finkelstein, Inc.*, 2021 N.Y. Slip Op. 50837(U) (N.Y. N.Y. Sup. Ct. App. Term Aug. 26, 2021) (together with *Phillips v. Max Finkelstein, Inc.*, "*Max Finkelstein*").

Despite Defendant's contentions, *Vega* is a well-reasoned decision from New York's First Department. Previous decisions by district courts do not run counter to this standard. At no point has the Second Circuit or the Supreme Court instructed district courts to examine other district court opinions to determine state law claims where a state appellate court has ruled on the issue. This is why **every district court** post-*Vega* has found that a private right of action exists. *See e.g.*, *Caul v. Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856 (E.D.N.Y. Sep. 27, 2021); *Rath Jo-Ann Stores, LLC*, No. 21 Civ. 791S, 2022 WL 17324842, at *1 (W.D.N.Y. Nov. 29, 2022) (denying the defendant's motion to dismiss § 191 claims, and listing in an appendix, cases decided after *Vega*, all concluding that a private right of action exists); *Mabe*, 2022 WL 874311, at *3  ("the case authority directly addressing the issue [of whether NYLL §191 provides a private right of action] is not unsettled"); *Gillett v. Zara USA, Inc.*, No. 20 Civ. 3734 (KPF), 2022 WL 3285275, at * 11-12 (S.D.N.Y. 2022) (finding a private right of action exists for NYLL § 191 by applying *Vega* as the highest state court authority and rejecting defendant's reliance on pre-*Vega* authority); *Katz v. Equinox Holdings, Inc.*, No. 20 Civ. 9856, 2022 WL 1292262, at *5 (S.D.N.Y. Apr. 29, 2022) (collecting cases) (holding that "federal courts have consistently held that there is a private right of action under § 191(1)(a) pursuant to the First Department's finding in" *Vega*); *Marco v. Shaker Contractors, Corp.*, No. 22 Civ. 1427 (JPC),

2022 WL 17251667, at *5 (S.D.N.Y. Nov. 28, 2022) (plaintiffs were "…entitled to recover liquidated damages equal to the total amount of all wages that were not paid in accordance with [§ 191(1)(a)], including liquidated damages both for overtime wages that were not paid at all and for wages that were paid late."); *Jones v. Nike Retail Services, Inc.*, No. 22 Civ. 3343, 2022 WL 4007056, at *1 (E.D.N.Y. Aug. 30, 2022); *Rodrigue v. Lowe's Home Centers, LLC*, No. 20 Civ. 1127, 2021 WL 3848268, at *5 (E.D.N.Y.  Aug. 27, 2021); *Carrera v. DT Hosp. Grp.*, No. 19 Civ. 4235 (RA) (KHP), 2021 WL 6298656, at *10 (S.D.N.Y. Nov. 1, 2021), report and recommendation adopted, No. 19 Civ. 4235 (RA) (KHP), 2021 WL 6298654 (S.D.N.Y. Dec. 7, 2021) (collecting cases); *Rosario v. Icon Burger Acquisition LLC*, No. 21 Civ. 4313 (JS)(ST), 2022 WL 17553319, at *1 (E.D.N.Y. Dec. 9, 2022); *Sorto v. Diversified Maint. Syst., LLC,* No. 20 Civ. 1302 (JS)(SIL), 2020 WL 7693108, at *2 (E.D.N.Y. Dec. 28, 2020); *Quintanilla v. Kabco Pharmaceuticals,* No. 19 Civ. 6752 (PKC)(CLP), Doc. No. 18 (E.D.N.Y. Apr. 17, 2020)*; Duverny v. Hercules Medical P.C.*, No. 18 Civ. 07652 (DLC), 2020 WL 1033048, at *5-6 (S.D.N.Y. Mar. 3, 2020); *Scott*, WL 9814095 ; *Beh v. Cmty. Care Companions Inc.,* No. 19 Civ. 1417 (JLS) (HBS), 2021 WL 3914297, at *3 (W.D.N.Y. Feb. 1, 2021)*, report and recommendation adopted,* No. 19 Civ. 1417 (JLS) (HBS), 2021 WL 3914320 (W.D.N.Y. June 23, 2021); *see also Elhassa v. Hallmark Aviation Services, L.P.*, No. 21 Civ. 9768 (LJL), 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) ("[t]he Court also cannot say that [d]efendant has made a strong showing that it is likely to succeed on its argument that there is no private right of action for the late payment of wages"); *see also* Ex. C to Schaffer Decl., pg. 5 (Judge Matsumoto stating "I don't believe there is going to be success of this motion [to dismiss NYLL § 191 claims]").

Defendant's reliance on decisions that predate *Vega* do not lend them support. These cases show the uncertainty that was alleviated by the *Vega* decisions. *See Caul*, 2021 WL 6805889

(E.D.N.Y. Dec. 22, 2021) (refuting the defendant's reliance on the pre-*Vega* cases Defendant here relies upon[4]).  For example, Defendant cites Judge Chen's decision in *Coley v. Vanguard* which found that a private right of action did not exist for a violation of NYLL § 191. *See* No. 12 Civ. 5565 (PKC)(RER), No. 12 Civ. 5565, 2018 WL 1513628 (E.D.N.Y. Mar. 29, 2018). However, following the *Vega* decision, Judge Chen specifically revisited the *Coley* ruling. *See Quintanilla*, No. 19 Civ. 6752 (PKC)(CLP), Doc. No. 18 (E.D.N.Y., Apr. 17, 2020) ("because *Coley* was rendered at a time when I didn't have the benefit of either *Vega* or *Scott*, I am not following my prior decision; I am not dismissing the 191 action"). Additionally, in *Hussain v. Pakistan Int'l Airlines* the court equated a failure to pay timely wages with an internal recordkeeping violation. *See* No. 11 Civ. 932 (ERK)(VVP), 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012). However, this clearly ignores the legislative intent of NYLL § 191(1)(a) whereby hourly manual workers must be paid within seven days of the end of their workweek. Failure to comply with the statute results in direct harm to a manual worker. *See Vega*, 175 A.D. 3d at 1145.

In terms of Defendant's reliance on *Gutierrez v. Bactolac Pharm, Inc.*, Defendant misstates the holding by the Second Department. Index No. 609612/19, 2022 WL 16826781 (N.Y. App. Div. 2d Dept. Nov. 9, 2022). The plaintiff in *Gutierrez* did not assert claims under NYLL §191(1)(a) for failure to provide timely pay to manual workers. Instead, the *Gutierrez* plaintiff asserted that his unpaid regular hours were protected by NYLL § 191 in general. *See* Schaffer Decl., Ex. D**,** *Gutierrez* Complaint. In fact, the original order which the Second Department confirmed in *Gutierrez*, clearly articulated that the plaintiff was incorrectly applying NYLL 191.

---

[4] ECF 29, at 6-7 (citing *Hussain v. Pak. Int'l Airlines Corp.*, No. 11 Civ. 932 (ERK)(VVP), 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012); *Hunter v. Planned Bldg. Servs., Inc.*, No. 715053/2017, 2018 WL 3392476, at *2 (N.Y. Sup. Ct. June 20, 2018); *Gardner v. D&D Elec. Constr. Co.*, No. 160249/2018, 2019 WL 3765345, at *2 (N.Y. Sup. Ct. Aug. 9, 2019); *Coley v. Vanguard Urb. Improvement Ass'n*, No. 12 Civ. 5565 (PKC) (RER), 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 27, 2018)).

*See* Schaffer Decl., Ex. E, *Gutierrez* New York Supreme Court order (citing *Fearon-Gallimore v. Gottlieb*, 2018 WL 1335255, at *6 (Sup. Ct. NY Cty. 2018); *Niyazov v. Park Fragrance, LLC*, 2014 WL 957004, (Sup Ct. NY Cty. 2014)) ("[p]laintiff is not alleging that wages were not paid timely but rather that plaintiffs did not receive the amount of wages required to be paid from defendant. Thus, plaintiffs have not stated a claim under § 191 and their second cause of action is dismissed").

This is exactly why the Second Department in *Gutierrez* did not address *Vega*, in its decision, which clearly shows it was not the Court's intention to contravene the First Department or the myriad of decisions that have followed *Vega*. Certainly, the *Gutierrez* decision does not comment on, nor impact, *Vega*'s finding that a violation of NYLL § 191 triggers the protections of NYLL § 198. *See Vega* at 1145 (citing *Gottlieb v. Kenneth D. Laub & Co.*, 82 NY2d 457,459 (1993)) ("contrary to defendant's argument that § 198 provides remedies only in the event of nonpayment or partial payment of wages (but not in the event of late payment of wages), the plain language of [NYLL § 198] indicates that individuals may bring suit for any "wage claim" against an employer"). Accordingly, the holding of *Gutierrez* does not have any bearing on the current matter.

Further, Defendant attempts to rely on the decision in *Grant v. Global Aircraft Dispatch, Inc.*, a decision in which the Court did not discuss *Vega*.[5] Index No. 72004/2019, 2021 WL 6777500, at *3 (Sup. Ct., Queens Cnty. Apr. 20, 2021); Courts in this district have already rejected reliance on *Grant* to support any proposition that Vega has not been universally adopted. *See Rath*, 2022 WL 17324842, at *6; *Rosario*, 2022 WL 17553319, at *4, fn. 3; *Harris*, 2022 WL 16941712, at *10.

---

[5] There is currently an appeal pending before the Appellate Division, Second Department in *Grant*. No. 2021-03202.

The uniformity of decisions post-*Vega*, confirm that this is now a well settled issue. As Defendant does not have any persuasive arguments that the Court of Appeals would find differently than the First Department, they cannot claim otherwise.

**B. Pre-*Vega* New York Appellate Courts Implied a Private Right of Action Under NYLL § 191**

Defendant continues to fail to address that prior to the *Vega* decision, multiple New York Appellate Courts grappled with matters arising from alleged violations of NYLL § 191. In *Bynog v. Cipriani Group, Inc.*, the First Department explicitly reinstated a NYLL § 191 claim on behalf of plaintiffs whom the trial court had found to be an independent contractor. *See* 298 A.D. 2d 164 (1st Dept. 2002). While the Court of Appeals reversed the order after review of the record, it never once suggested that there was no right to bring NYLL § 191 claims. *See* 1 N.Y. 3d 193 (2003); *see also Scott*, 2019 WL 1559424 at *2 ("neither the Second Department nor the Court of Appeals suggested, let alone held, that the plaintiffs did not have a right to bring a claim under [NYLL § 191]). The Second Department also reinstated NYLL § 191 claims before the *Vega* decision. *See Cohen v. Finz & Finz, P.C.*, 131 A.D. 3d 666 (2d Dept. 2015) (reversing decision to dismiss NYLL § 191 claims against individual defendants).

Viewed through this lens it is clear why Defendant refuses to address these cases. Defendant's motion is devoid of any state appellate case law that even hints to a contrary position. This does not pass the strict standard articled by the Supreme Court and the Second Circuit. *See DiBella*, 403 F.3d at 112 (citing *West*, 311 U.S. at 237).

**C. Pre-*Vega* District Courts Have Found or Implied a Private Right of Action According to NYLL § 191**

While Plaintiff does not believe that any pre-*Vega* decision by a district court is material to whether there are substantial grounds for differences of opinion, Defendant's statements regarding pre-*Vega* cases are misleading.

9

Defendant attempts to state that "employees only have a private right of action to recover for underpayments."[6] However, before *Vega*, multiple courts in this circuit have found that a private right of action exists under NYLL § 191(1)(a). *See e.g.*, *Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ. 86 (SJF)(AKT), 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019) (denying defendant's motion to dismiss § 191 claims); *Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390, 404 (E.D.N.Y. 2015) (denying defendant's motion to dismiss NYLL § 191 claims); *Gonzales v. Gan Israel Pre-School*, No. 12 Civ. 6304 (MKB) 2014 WL 1011070 at *9 (E.D.N.Y. Mar. 14, 2014); *Wang Kwong Ho v. Target Construction of NY Corp.*, No. 08 Civ. 4750 (KAM)(RER), 2011 WL 1131510, at *14 (E.D.N.Y. Mar. 28, 2011) (awarding damages under NYLL § 191); *Cuzco v. Orion Builders, Inc.*, No. 06 Civ. 2789 (KMW)(THK), 2010 WL 2143662, at *4 (S.D.N.Y. May 26, 2010) (granting plaintiffs' motion for summary judgment on their NYLL § 191 claims); *see also Urtubia v. B.A. Victory Corp.*, 857 F. Supp. 2d 476, at 481-482 (S.D.N.Y. 2012) (denying motion to dismiss NYLL § 191 claims).

The *Scott* decision is especially explicit in this regard, and it's holding is parallel to *Vega*. *See Scott*, 2019 WL 1559424, at *2-3 (determining that a violation of NYLL § 191 triggers the protections of NYLL § 198); *Vega*, 175 A.D. 3d at 1144 (finding that the "plain language" of NYLL § 198 provided redress for violations of NYLL § 191).

### D. A Private Right of Action for Late Payment of Wages Under the NYLL is Supported by Similar Rights Found Under the FLSA.

It is well established that "there are no meaningful differences" between the FLSA and the NYLL. *See Rodrigue*, 2021 WL 3838268, at *5 (citing *Rana v. Islam*, 887 F. 3d 118, 123 (2d Cir. 2018)); *see also Ramirez v. Lin*, 830 Fed. Appx. 672, 674-675 (2d Cir. 2020) (Summary Order)

---

[6] Defendant once again incorrectly states that no underpayment of wages occurs due to a violation of NYLL § 191. *See* ECF No. 29, pg.5.

(citing *Vega*, 175 A.D. at 1145-1146) ("we have interpreted the NYLL liquidated damages provision in accordance with the FLSA's liquidated damages provision, **as has at least one New York appellate court**") (emphasis added) It is further well established that a plaintiff can recover liquidated damages for untimely payments under the FLSA. *See e.g.*, *Beh*, 2021 WL 3914297, *2-5 (denying defendants' motion to dismiss NYLL § 191 claims and FLSA prompt payment claims).

In fact, the purpose of liquidated damages under the FLSA is to compensate employees for the delay caused by the unlawful retention of pay:

> "the [FLSA] liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages.... [i]t constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency, and general well-being of workers' and to the free flow of commerce, that double payment must be made in the event of delay"

*See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 709 (1945); *see also Biggs v. Wilson*, 1 F. 3d 1537, 1541 (9th Cir. 1993) ("an employer violates the [FLSA] if payments are late"); *Martin v. United States*, 117 Fed. Cl. 611, 621 (2014) (The FLSA requires—and the Supreme Court has recognized approvingly—that an employee receive on time payment for work performed").

The *Vega* court explicitly endorsed this line of reasoning to determine that NYLL § 198 protects employee who wages are paid late in accordance with NYLL § 191:

> "In interpreting the liquidated damages provisions of the Fair Labor Standards Act of 1938 (FLSA), the Supreme Court has held that, regardless of whether an employee has been paid wages owed before the commencement of the action, the statute provides a liquidated damages remedy for the 'failure to pay the statutory minimum on time,' in order to provide 'compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages... [NYLL § 198], although not identical to the FLSA liquidated damages provision, has 'no meaningful differences, and both are designed to deter wage-and-hour violations in a manner calculated to compensate the party harmed.' Accordingly, liquidated damages may be available

under [NYLL § 198] to provide a remedy to workers complaining of untimely payment of wages, as well as nonpayment or partial payment of wages."

*See Vega*, 175 A.D. 3d at 1145-1146 (quoting *Brooklyn Sav. Bank*, 324 U.S. at 707; *Rana*, 887 F. 3d at 123). It would be a significant and quite meaningful difference for the FLSA to allow a plaintiff to recover liquidated damages for untimely payments, yet the NYLL to not allow the same remedy under NYLL § 198. *See Rodrigue*, 2021 WL 3838268, at *5 ("[defendants] do not explain why the New York Court of Appeals would give a substantially narrower reading to [NYLL § 198] than the Supreme Court gave to the section's federal counterpart"). Accordingly, there is no difference of opinion on the private right of an employee to recover liquidated damages due to an employer's untimely wage payments.

## CONCLUSION

For the foregoing reasons, Defendant's Motion should be denied in its entirety.

Dated:  New York, New York
January 12, 2023

Respectfully submitted,

*/s/ Brian S. Schaffer*
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for the Plaintiff and putative class*

12